BLAKE CONSTRUCTION CO., INC.

V.

MILTON M. ALLEY, ET AL.

Record No. 831942

March 6, 1987

Present: All the Justices

*S. Miles Dumville (Philip S. Marstiller; Thomas & Fiske, P.C.*, on briefs), for appellant.

*Murray H. Wright (Edward E. Nicholas, III; McGuire, Woods & Battle*, on brief), for appellees.

COCHRAN, J., delivered the opinion of the Court.

This appeal presents the question whether a cause of action exists in Virginia for a contractor to recover from an architect or engineer for economic loss in the absence of privity.

Blake Construction Company, Inc. (Blake), general contractor, entered into a contract with the Commonwealth of Virginia, owner, for construction of an office building in Richmond. By a separate contract, the Commonwealth employed the firm of Ballou and Justice to be the supervising architects and engineers for the construction project. However, there was no contract between the general contractor and the architectural firm.

Blake brought this action against the partners in the architectural firm,[1] alleging that, under the owner-architect contract, the

---

[1] The named defendants were Milton M. Alley and Billy Eugene Upton, then the partners in the firm, and Charles C. Justice and Louis W. Ballou, former partners. The executors of the estate of Louis W. Ballou, deceased, were substituted as defendants. The de-

architect was responsible for providing Blake with plans and specifications for the construction, together with any modifications; inspecting and supervising the selection of materials and the construction; certifying to the owner the satisfactory progress of the construction, enabling Blake to receive progress payments; certifying completion of construction, enabling Blake to receive final payments; processing and approving Blake's requests for compensation for additional labor and materials required; and certifying to the owner that Blake was entitled to its overhead expenses, profits, and costs related to extra work required because of acts of the owner or architect. Alleging that the architect owed it a duty to perform these services "with the care, skill and diligence exercised by reasonably prudent and skillful architects and engineers in like circumstances," Blake sought to recover in excess of $3.8 million from Ballou and Justice for economic loss Blake allegedly sustained as the result of the architect's negligent performance of these services.

Ballou and Justice demurred to Blake's original and amended motions for judgment, relying on the common-law rule that a party not in privity may not recover damages where there is no physical injury to person or property. The trial court sustained these demurrers and, by order entered September 8, 1983, dismissed the action with prejudice.

Relying on Code § 8.01-223,[2] which provides that lack of privity is no longer a defense in actions for damages for injury to person or to property that result from negligence, the contractor asserts that the General Assembly intended to remove the privity requirement in negligence actions seeking only economic losses, as

---

fendants, appellees on appeal, are collectively referred to as Ballou and Justice or the architect.

[2] Code § 8.01-223 provides:

In cases not provided for in § 8.2-318 where recovery of damages for injury to person, including death, or to property resulting from negligence is sought, lack of privity between the parties shall be no defense.

Code § 8.2-318 provides:

Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods . . . .

such losses constitute an injury to property covered by the statute.[3] We do not agree.

 Code § 8.01-223 is in derogation of the common-law requirement of privity in negligence actions. *See Bryant Elec. Co., Inc.* v. *City of Fredericksburg*, 762 F.2d 1192, 1194 (4th Cir. 1985). "Statutes in derogation of the common law are to be strictly construed and not to be enlarged in their operation by construction beyond their express terms." *C. & O. Railway* v. *Kinzer*, 206 Va. 175, 181, 142 S.E.2d 514, 518 (1965) (citations omitted). The statute expressly limits its application to cases involving injuries to person or property. We cannot impute to the General Assembly an intent to abrogate by implication the privity requirement in cases where no such injury is alleged, thereby allowing negligence actions for solely economic loss. *See Bryant Elec. Co.*, 762 F.2d at 1194-95, in which the United States Court of Appeals for the Fourth Circuit examined cases from this Court in related areas of the law in an effort to predict our holding on this issue and correctly concluded that § 8.01-223 does not eliminate the privity requirement in a negligence action for economic loss alone.

 The architect's duties both to owner and contractor arise from and are governed by the contracts related to the construction project. While such a duty may be imposed by contract, no common-law duty requires an architect to protect the contractor from purely economic loss. There can be no actionable negligence where there is no breach of a duty " 'to take care for the safety of the person or property of another.' " *Bartlett* v. *Recapping, Inc.*, 207 Va. 789, 793, 153 S.E.2d 193, 196 (1967), quoting *Atlantic Company* v. *Morrisette*, 198 Va. 332, 333, 94 S.E.2d 220, 221-22 (1956). This principle derives from the nature of tort relief under a negligence theory:

> A duty to use ordinary care and skill is not imposed in the abstract. It results from a conclusion that an interest entitled to protection will be damaged if such care is not exercised. Traditionally, interests which have been deemed entitled to protection in negligence have been related to *safety* or free-

---

[3] The contractor cites a number of cases in which we have characterized lost profits or loss of value as injuries to property interests for purposes of determining the applicable statute of limitations. These cases are not controlling, however, as the determinations of the nature of the injuries were made in an entirely different context; the cases did not purport to interpret Code § 8.01-223.

dom from physical harm. Thus, where personal injury is threatened, a duty in negligence has been readily found. Property interests also have generally been found to merit protection from physical harm. However, where mere deterioration or loss of bargain is claimed, the concern is with a failure to meet some standard of *quality*. This standard of quality must be defined by reference to that which the parties have agreed upon.

*Crowder* v. *Vandendeale*, 564 S.W.2d 879, 882 (Mo. 1978) (emphasis in original) (subsequent purchaser could not recover deterioration or loss-of-bargain damages in tort for builder's negligent construction), *overruled on other grounds, Sharp Bros.* v. *American Hoist & Derrick Co.*, 703 S.W.2d 901, 903 (Mo. 1986) (disapproving dictum concerning recoverable damages for strict liability in tort).[4]

■ The parties involved in a construction project resort to contracts and contract law to protect their economic expectations. Their respective rights and duties are defined by the various contracts they enter. Protection against economic losses caused by another's failure properly to perform is but one provision the contractor may require in striking his bargain. Any duty on the architect in this regard is purely a creature of contract. *See Bernard Johnson* v. *Continental Constructors*, 630 S.W.2d 365, 371 (Tex. Civ. App. 1982) (architect's relation to the parties and the work is specified by the parties in their bargained-for agreement).[5]

---

[4] In the products liability area of tort law, a number of courts have addressed the issue whether economic losses may be recovered where they are the only damages resulting from the manufacture and sale of a defective product. A majority of jurisdictions have denied recovery of solely economic losses, whether sought under a strict liability or negligence theory. *See Moorman Mfg. Co.* v. *National Tank Co.*, 91 Ill. 2d 69, 76-77, 435 N.E.2d 443, 446 (1982) (citing strict liability cases in which economic losses not recoverable); *see id.* at 87-88, 435 N.E.2d at 451 (citing negligence cases in which recovery of losses not allowed). The prevailing view of these cases is that tort law provides the proper relief for personal injury or property damages resulting from a hazardous product or dangerous occurrence, while relief for loss of bargain or disappointed expectations as to quality of the product lies in contract. *See id.* at 81, 86, 435 N.E.2d at 448, 450; *Star Furniture Co.* v. *Pulaski Furniture Co.*, 297 S.E.2d 854, 859 (W. Va. 1982).

[5] In Illinois, the courts have denied recovery of economic losses in the construction setting by extending the economic loss doctrine of products liability cases, *supra* n.4. *See Kishwaukee Community Health* v. *Hospital Bldg.*, 638 F. Supp. 1492 (N.D. Ill. 1986); *Anderson Elec.* v. *Ledbetter Erection Corp.*, 133 Ill. App. 3d 844, 479 N.E.2d 476 (1985); *Bates & Rogers Const.* v. *North Shore Sanitary*, 128 Ill. App. 3d 962, 471 N.E.2d 915

 Under the common law there could be no recovery by Blake from Ballou and Justice in tort for only economic loss in the absence of privity. Under our construction of Code § 8.01-223, that statute does not eliminate the requirement of privity in a tort action for economic loss alone.

For the reasons assigned, we will affirm the judgment of the trial court.

*Affirmed.*

---

(1984), *aff'd on other grounds*, 109 Ill. 2d 225, 486 N.E.2d 902 (1985); *Palatine National Bank* v. *Charles W. Greengard Associates*, 119 Ill. App. 3d 376, 456 N.E.2d 635 (1983); *but see Rosos Litho Supply Corp.* v. *Hansen*, 123 Ill. App. 3d 290, 462 N.E.2d 566 (1984) (negligence suit allowed against architect because subject to malpractice action like any other professional); *Ferentchak* v. *Village of Frankfort*, 121 Ill. App. 3d 599, 459 N.E.2d 1085 (1984), *rev'd on other grounds*, 105 Ill. 2d 474, 475 N.E.2d 822 (1985) (suit allowed against architect where plaintiff had no contract or warranty remedy). *See also Chicago Heights Venture* v. *Dynamit Nobel of America, Inc.*, 782 F.2d 723 (7th Cir. 1986); *Morrow* v. *L. A. Goldschmidt Associates*, 112 Ill. 2d 87, 492 N.E.2d 181 (1986); *Foxcroft Townhome Owners Association* v. *Hoffman Rosner Corp.*, 96 Ill. 2d 150, 449 N.E.2d 125 (1983); *Redarowicz* v. *Ohlendorf*, 92 Ill. 2d 171, 441 N.E.2d 324 (1982) (plaintiffs, purchasers from the original owners, could not recover from the builders costs of repairs caused by defective construction because they failed to show any harm other than disappointed commercial expectations).