## CIRCUIT COURT OF ARLINGTON COUNTY

Shirley Park Investments
Limited Partnership et al.

v.

Carter Engineering, Inc., et al.

June 27, 1991

Case No. (Law) 90-572

By JUDGE THOMAS R. MONROE

Under advisement is the Demurrer of defendant, Carter Engineering, Inc. (Carter) to defendant and cross-claimant, Desa Corporation of Virginia's (Desa) cross-claim. The court has carefully considered the able arguments of counsel and memoranda submitted and sustains the Demurrer as to the cross-claim against Carter Engineering, Inc.

The Demurrer admits the truth of all material facts that are properly pleaded. The facts admitted are those expressly alleged, those which are impliedly alleged, and those which may be fairly and justly inferred from the facts alleged. *Bowman v. State Bank of Keysville*, 229 Va. 534, 331 S.E.2d 797 (1985). A demurrer tests the legal sufficiency of the motion for judgment. The trial court is confined to the facts alleged when analyzing the pleadings; no consideration properly can be given to additional facts that may be asserted on brief or during oral argument. *Elliott v. Shore Stop, Inc.*, 238 Va. 237 (1989).

In considering the cross-claim against Carter Engineering, Inc., this Court must also consider the Motion for

Judgment filed by the plaintiff in determining the Demurrer. Stated differently, since the cross-claim demands in Paragraph I, are that losses and damages . . . were sustained as the result of the sole or concurrent active and primary negligence and/or breach of contract of the co-defendant, Carter Engineering, Inc., and in paragraph 2, plaintiff alleges "as a direct result of the sole or concurrent, active and primary negligence and breaches of contract of the co-defendant, there exists a duty upon it to contribute toward or indemnify Desa Corporation for any and all sums adjudged against it in favor of plaintiffs."

Addressing first the demands of cross-claimant, Desa, for contributions or indemnification, this Court must make a determination whether Desa is in the identical position as a contribution plaintiff as plaintiff, William Martin, in the case of *Pierce v. Martin*, 230 Va. 94 (1985), where the Supreme Court of Virginia proclaimed, "It is firmly established that a contribution plaintiff cannot recover from a contribution defendant unless the injured party could have recovered against the contribution defendant . . . ."

> Code § 8-627 [now Code § 8.01-34] provides for contribution among wrongdoers for mere acts of negligence not involving moral turpitude. However, before contribution may be had, it is essential that a cause of action by the person injured lie against the alleged wrongdoer from whom contribution is sought.

Inasmuch as the statute only permits recovery in contribution for an act of negligence, the court reexamines both the Motion for Judgment and cross-claim in determining whether Shirley Park's claim is for economic loss resulting from the breach of contract obligations and/or for damages caused by Carter's negligence and carelessness.

Counts I and II of the Motion for Judgment allege breach of contract by defendant Carter and defendant Desa respectively. Plaintiff alleges in paragraph 11 that defendant Carter, by virtue of its contract with Shirley, was obligated to specify the appropriate tubing and insulation to be used in the Hvac system; to assure that the tubing and insulation purchased were suitable for the

intended purpose; and to make construction visits to assure that the materials used were suitable for the intended purpose and installed correctly. Paragraph 12 alleges that Shirley relied upon the technical engineering expertise of Carter with reference to the suitability of 5/8" wirsbo tubing; and paragraph 13 alleges that at no time prior to the purchase and installation of the 5/8" wirsbo tubing and tubing installation did Carter advise Shirley that there could be a problem with condensation from the wirsbo, and, paragraph 14 alleges failure of Carter to inform that there could be a problem with condensation from the wirsbo; and paragraph 15 alleges that after the Hvac system was installed and made operational, "condensation from . . . caused extensive damages . . ."; paragraph 16 plaintiff alleges breach of contract. All of the allegations of Count I are plainly set forth in the contract action and damages are alleged. It is a contract claim to recover economic loss.

In *Blake Construction Co. v. Alley*, 233 Va. 31, 34 (1987), the Supreme Court of Virginia postulated:

> The architect's duties both to the owner and contractor arise from and are governed by the contracts related to the construction project. While such a duty may be imposed by contract, no common-law duty requires an architect to protect the contractor from purely economic loss. There can be no actionable negligence where there is no breach of duty "to take care for the safety of the person or property of another."

This principle derives from the nature of tort relief under a negligence theory:

> A duty to use ordinary care and skill is not imposed in the abstract. It results from a conclusion that an interest entitled to protection will be damaged if such care is not exercised. Traditionally, interests which have been deemed entitled to protection in negligence have been related to safety or from physical harm. Thus, where personal injury is threatened, a duty

in negligence has been readily found. Property interests also have generally been found to merit protection from physical harm. However, where mere determination or loss of bargain is claimed, the concern is with a failure to meet some standard of quality. This standard of quality must be defined by reference to that which the parties have agreed upon. *Id.* at 34-35.

The Court goes on to state "the parties involved in a construction project resort to contracts and contract law to protect their economic expectations. Their respective rights and duties are defined by the various contracts they enter. Protection against economic losses caused by another's failure properly to perform is but one provision the contractor may require in striking his bargain. Any duty on the architect in this regard is purely a creature of contract." *Id.* at 35.

Shirley Park contracted with Carter and Desa for the design and construction of a Hvac system. Shirley Park seeks economic losses which are not recoverable in tort, they are purely the result of disappointed economic expectations. The law of contracts provides the sole redress for such claims. *Sensenbrenner v. Rust, Orling & Neale Architects, Inc.*, 236 Va. 419, 374 S.E.2d 55 (1988). The Court sustains the Carter demurrer to Desa's cross-claim as it alleges all such losses and damages were sustained as the result of the sole or concurrent active and primary negligence of co-defendant, Carter in paragraphs 1 and 2. These allegations of negligence are the same negligent allegations as set out in Count II, negligence by defendant Carter of Shirley Park's Motion for Judgment. Merely charging "breaches of duty, failure to exercise care of ordinary skill in its profession," "negligence, carelessness and breach of professional duty by defendant Carter," and in employing language in Count III familiar to tort law does not without more transform a simple breach of contract into a tort claim. *Board of Education of Hudson City School District v. Sargent, Webster, Crenshaw and Folley*, 71 N.Y.2d 218, 517 N.E.2d 1360, 523 N.Y.S.2d 475 (1987).

No allegations have been pleaded of an express contract, written or oral, between Carter and Desa. Desa does not allege to be a party to any agreement between Shirley Park and Carter. Thus, Desa is not in privity of contract with Carter and Shirley Park, and Carter owed no express duty to Desa under any such agreement. To the extent that Desa's claim for indemnification sounds in contract, such claim fails, there being no express agreement between Desa and Carter, and no contractual duty is implied in the absence of privity.

Desa's failure to assert a cause of action in its cross-claim against Carter, the latter's Demurrer is sustained as allegations of breach of contract in paragraphs 1 and 2 of Desa's cross-claim against Carter, without leave to file an amended cross-claim.