## CIRCUIT COURT OF FAIRFAX COUNTY

Armfield Homeowners Ass'n

v.

Coscan Washington, Inc., et al.

December 2, 1991

Case No. (Law) 104483

BY JUDGE MICHAEL P. MCWEENY

This matter is before the Court on defendant, Coscan Washington, Inc.'s, demurrer to the Amended Motion for Judgment filed in this case. After hearing oral argument, the Court took the case under advisement to consider the law and memorandums presented.

### Count II

Coscan demurs to Count II, a negligence action, on the grounds that Virginia does not recognize a cause of action sounding in tort for negligent supervision or construction of a swimming pool. This argument is grounded on an application of the economic loss rule. The Court agrees that the damages sought in this case, for structural damage caused by defects in construction and maintenance of a pool, are properly classified as economic losses. *See Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 425 (1988) (repair damages caused by a leaking pool are economic). The question for the court is whether or not a cause of action for negligence seeking purely economic damages lies for a homeowners association against the developer of real estate with whom it is alleged to have been in privity.

The economic loss rule provides that damages for purely economic loss, as opposed to damages for injury to property or persons, cannot be recovered in a tort action for negligence in the absence of privity. *See Copenhaver v. Rogers*, 238 Va. 361, 366 (1989); *Sen-*

*senbrenner*, 236 Va. at 423; *Blake Construction Co. v. Alley*, 233 Va. 31, 36 (1987). The adoption of the economic loss rule in Virginia was based on the fact that the General Assembly had abrogated the common-law requirement of privity in negligence cases involving property damage or personal injury, but that this derogation of the common law was not extended to negligence actions involving purely economic losses. *See Copenhaver*, 238 Va. at 366; *Sensenbrenner*, 236 Va. at 423; *Blake*, 233 Va. at 34.

The only Virginia case in which the economic loss rule has been discussed in the context of a homeowners association and a developer is *Rotonda Cond. Owners v. Rotonda Associates*, 238 Va. 85 (1989). In that case, a condominium unit owners association brought actions against the developer of a condominium building which contained structural defects in the common areas. The Court stated, in dicta, that:

> Such economic losses are not recoverable in tort; they are purely the result of disappointed economic expectations. The law of contracts provides the sole redress for such claims.

*Rotonda*, 238 Va. at 90. The court later stated, also in dicta, that the unit owners sole redress lay in their actions for breach of the statutory warranties or breach of their contracts of purchase. *Id.* These statements were, however, in the court's own words, "subsume[d]" by the court's earlier ruling that the association, as opposed to the individual unit owners, by statute had no standing to bring any action against the developer. *Id.* at 89, 90.

It is not entirely clear whether the *Rotonda* court based its statements in dicta upon its earlier holding that the unit owners association had no standing to sue the developer through any sort of action, or upon a finding that the unit owners could not recover such losses in tort under any circumstances whether or not they were in privity with the developer. Based on the court's earlier statements on the rule in *Blake* and *Sensenbrenner*, however, it would seem that the economic loss rule bars tort actions only where there is an absence of privity. In *Copenhaver*, *Sensenbrenner*, and *Blake*, the plaintiff's lack of privity with the defendant was the reason for the court's denial of the plaintiff's recovery; otherwise, the statements as to the absence of privity in those cases would have been superfluous.

Although the court at times has used sweeping language in the economic loss cases which would seem to suggest that the presence of privity is not a factor to be considered before imposing the rule, the court has in fact only applied the rule to situations involving professional negligence actions against a party with whom the plaintiff was not in privity. *See, e.g., Copenhaver,* 238 Va. 361 (grandchildren attempted to sue grandparents' attorney); *Sensenbrenner,* 236 Va. 419 (homeowners attempted to sue their construction company's architect); *Blake,* 233 Va. 31 (general contractor attempted to sue architectural firm with whom it had no contract). Additionally, the court has repeatedly held that although a professional negligence case is necessarily governed by contract law principles, it *sounds* in tort. *See, e.g., Boone v. C. Arthur Weaver Company,* 235 Va. 157, 161 (1988); *Virginia Military Institute v. King,* 217 Va. 751, 758-59 (1977). The dicta in *Rotonda* is not applicable to this case, therefore, since in *Rotonda* the homeowner's association had no standing to sue the developer in any situation and privity thus was not a factor in that decision.

If there has properly been alleged privity between the plaintiff and defendant in this case, then the action for negligence in Count II is not barred by the application of the economic loss rule. Since plaintiff states that Coscan turned the pool over to the Association, a privity relationship has been alleged sufficient for purposes of demurrer. The Court thus overrules the demurrer to Count II.

### Count III

Count III is an action for breach of the express provisions of the Declaration of Covenants for the Armfield subdivision. Coscan demurs to this count on the basis that plaintiff failed to identify in Count III any duty to supervise and/or construct a swimming pool in a reasonably prudent manner arising from the declaration of covenants. Defendant argues that the amended motion for judgment fails to point to any part of the declaration which imposes the duty alleged to have been breached, and such duties are not alleged to have been in the declaration and do not in fact exist in the Declaration. Defendant further contends that the plaintiff cannot rely on a legal instrument which does not impose any duty on Coscan to build a swimming pool at all.

In the Amended Motion for Judgment, plaintiff alleges that in the declaration, Coscan reserved the right to erect a noncommercial

swimming pool and a right of ingress and egress over common area in the subdivision and also imposed upon the Association the duty to accept title to the common area. Plaintiff then claims that Coscan breached its duties under the Declaration to provide, with proper workmanship and in accordance with good usage and accepted practices, a pool reasonably fit for its intended use. Since plaintiff has alleged that the duty arose from the Declaration, which is not attached to the amended motion for judgment, whether or not there was such a duty under the Declaration is not a question which can be resolved upon demurrer. A demurrer does not reach the merits of a claim; it merely tests the legal sufficiency of the pleading. *Elliott v. Shore Stop, Inc.*, 238 Va. 237, 239 (1989). The Court therefore overrules the demurrer to Count III.

### Counts IV and V

Defendant demurs to Counts IV and V for fraud on the basis that the claims lack specificity and certainty. Fraud must be plead with specificity, which includes, for instance, the identities of the agents, officers and employees of the defendant who are alleged to have perpetrated the fraud or the details of the time and place where the fraudulent acts occurred. *See Tuscarora v. B.V.A.*, 218 Va. 849, 858 (1978). Otherwise, the claims are too vague, indefinite and conclusory to state a cause of action. *See id.*

Plaintiff argues in its memorandum in opposition to the demurrer that Coscan in fact concealed from plaintiff material facts pertaining to construction authorization; however, the amended motion for judgment does not allege that defendants concealed the information from the plaintiff. Instead, plaintiff claims that defendants "made representations" leading plaintiff to believe that the Swimming Pool was properly and lawfully constructed. This statement implies that affirmative misrepresentations were made, and as such they must be alleged with particularity in the Amended Motion for Judgment. The court finds that the present allegations are too vague, indefinite and conclusory to state a cause of action, and sustains the demurrer to both counts.

### Count VI

Defendant finally demurs to Count VI on the ground that the plaintiff has not alleged any specific facts which bring this defendant

within the scope of the Virginia Consumer Protection Act. The Court agrees. Count VI of the amended motion for judgment contains only conclusory allegations that defendants were suppliers as defined in Virginia Code § 59.1-198 and that their conduct involved consumer transactions under Code § 59.1–198(A). Such legal conclusions must be supported by underlying facts. As stated previously, a demurrer admits the truth of *facts* properly pleaded, which includes those expressly alleged, those which are impliedly alleged, and those which may be fairly and justly inferred from the facts alleged. *Elliott*, 238 Va. at 240. This does not include legal conclusions which are alleged as "facts." The demurrer is therefore sustained as to Count VI.

For the reasons set forth above, the demurrer to Counts II and III is overruled, and the demurrer to Counts IV, V and VI is sustained. Plaintiff is granted twenty-one days from the date of this letter to file a Second Amended Motion for Judgment.