## CIRCUIT COURT OF FAIRFAX COUNTY

Stephen Rosenblum
and Susan Rosenblum

v.

Santa Fe Development Corp.

October 20, 1992

Case No. (Law) 108764

BY JUDGE THOMAS J. MIDDLETON

This case came to be heard on defendant Santa Fe Development Corp.'s motion to strike the evidence with regard to Count II of plaintiffs' motion for judgment. Upon consideration of the pleadings, applicable case law and statutes, and the arguments of counsel, the Court sustains Santa Fe's motion to strike the evidence and enters judgment for Santa Fe.

The case arose when plaintiffs Stephen and Susan Rosenblum filed a motion for judgment against Santa Fe seeking damages for breach of warranties (Count I) and negligence (Count II) in the construction and repair of a paved driveway. Such driveway was constructed by Santa Fe incident to the purchase of a new home by the plaintiffs.

At the close of plaintiffs' evidence, Santa Fe moved to strike the evidence. The Court sustained the motion to strike with regard to Count I, reserving judgment as to Count II. Plaintiffs allege that Santa Fe was negligent in its performance of the design, construction, and repair of the paved driveway. As a result, plaintiffs seek to recover the cost of the repairs of that driveway. They are seeking, in other words, to be compensated for a purely economic loss by way of negligence action. This they cannot do.

Economic losses are not recoverable in tort. They are purely the result of disappointed economic expectations and the law of contracts provides the sole redress for such claims. *Rotonda Cond. Owners v. Rotonda Associates*, 238 Va. 85, 90 (1989) (citing *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 424 (1988)). Re-

covery in tort is available only when there is a breach of a duty to take care for the *safety* of the person or property of another. *Blake Construction Co. v. Alley*, 233 Va. 31, 34 (1987) (emphasis added) (citing *Bartlett v. Recapping, Inc.*, 207 Va. 789, 793 (1967)).

In the present case, as in *Rotonda*, the parties were in privity of contract. The Rosenblums had bargained for certain standards of quality which allegedly were not met. Their sole redress lay not in negligence, however, but in actions for breach of their purchase contracts or for breach of the statutory warranties. *Rotonda*, 238 Va. at 90. "Tort law is not designed . . . to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement." *Sensenbrenner*, 236 Va. at 425.

Plaintiffs herein have not alleged any breach of contract and have been foreclosed from suing for breach of warranty by the express language in the Agreement of Sale. Such Agreement provides as follows:

> Purchasers hereby waive any and all warranty rights provided by Section 55–70.1 of the Code of Virginia. All warranties, other than those expressly provided in the Homeowners Warranty Corporation "Limited Home Warranty Agreement" are hereby excluded.

In addition, the "Limited Home Warranty Agreement" expressly provides that "The Limited Warranty shall not extend to or include or be applicable to . . . driveways . . . ."

The language in both the Agreement of Sale and the Limited Home Warranty Agreement clearly prevent plaintiffs from bringing suit based on any breach of warranty with regard to their driveway. It was this language which led the Court to sustain Santa Fe's motion to strike the evidence as to Count I.

The economic loss rule preserves the principle that contract damages be limited to those "within the contemplation and control of the parties in framing the agreement." *City of Richmond v. Madison Management Group*, 918 F.2d 438, 446 (4th Cir. 1990) (quoting *Kamlar Corp. v. Haley*, 224 Va. 699, 706 (1983)). When the agreement between Santa Fe and the Rosenblums was framed, the parties agreed that the driveway would not be covered by any warranties. Plaintiffs cannot now seek to change this agreement by merely suing under a different label.

For all of the foregoing reasons, the Court finds that plaintiffs cannot maintain their negligence action. Even when the evidence is

viewed in the light most favorable to plaintiffs, plaintiffs have failed to prove a valid negligence claim. Santa Fe's motion to strike the evidence is sustained as to Counts I and II and judgment is entered for Santa Fe.