## CIRCUIT COURT OF LOUDOUN COUNTY

Reliance Insurance Co.

v.

J. W. Burress, Inc., et al.

January 21, 1993

Case No. (Law) 12669

BY JUDGE THOMAS D. HORNE

Defendants have moved for summary judgment in this case. The instant claim arises out of the alleged damage caused to a piece of heavy equipment sold to Chantilly Crushed Stone, Inc., by Defendant J. W. Burress, Inc., (trading as General Supply and Equipment Corp.). Kobe Steel, Ltd., and Kobelco America, Inc., are the manufacturer and distributor for the piece of equipment, which is described as a hydraulic excavator face shovel. Reliance Insurance Company is subrogee to Chantilly's claim against the Defendants arising out of the damage to the shovel.

Chantilly came into possession of the shovel under a lease purchase agreement with Burress dated June 7, 1986. On August 6, 1987, Chantilly exercised its option to purchase the shovel, obtaining a credit for payments made under the lease. On December 18, 1990, while the shovel was being operated, a fire broke out causing damage to the machine and rendering it inoperable. The only damage was that caused to the machine itself.

On July 30, 1991, the instant action for damages was commenced. Plaintiff, in its Amended Motion for Judgment, seeks recovery for

damages to the machinery predicated upon three theories of recovery, that is, negligence (Count I), express warranty (Count II) and implied warranty (Count III).

It is conceded by Plaintiffs that the only damages for which recovery is sought are those to the machinery itself. Thus, such damages are covered by the "economic loss" rule. Where parties are not in privity with one another, recovery may not be had in tort for economic loss alone. *Blake Construction Co.* v. *Alley*, 233 Va. 31 (1987). In the context of the instant case, economic loss relates to the loss suffered by Plaintiff as a result of the diminution in value to the shovel caused by its inferior quality, thus rendering it unfit for the particular purpose for which it was intended. Thus, the law of contracts provides the exclusive remedy for recovery. Absent privity, a party cannot recover for negligent design defects where no damage to persons or other property is involved. *Sensenbrenner* v. *Rust, Orling & Neale*, 236 Va. 419 (1988). In cases involving economic loss, the Court is guided by the principle that:

> [e]ven when the harm to the product itself occurs through an accident-like event, the resulting loss due to repair costs, decreased value, and lost profits is essentially the failure of the purchaser to receive the benefit of the bargain, traditionally the core concern of contract law. (Authorities omitted.)

*East River S.S. Corp.* v. *Transamerica Delavel*, 476 U.S. 858, 870; 106 S. Ct. 2295, 2302 (1986).

Plaintiff asserts that the provisions of § 8.2–318, Code of Virginia, save the tort claims for negligent design and manufacture. That section provides that:

> [l]ack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods . . . .

However, reliance on the provisions of § 8.2–318, like plaintiff's reliance on the similar provision of § 8.01–223, in *Sensenbrenner*, *supra*, is misplaced. The instant action involves a claim solely for

economic loss. No recovery is sought except for damage to the shovel itself. As counsel for the Defendants have observed, to the extent that the Plaintiff seeks to establish a tort action for negligence based solely on the negligent breach of a contractual duty with no violation of a corresponding common law duty, they are precluded from recovering damages for such tort. *See, Foreign Mission Board* v. *Wade,* 242 Va. 234 (1991). Accordingly, as to the claims for negligence asserted in Count I, the Court will award summary judgment to the Defendants.

With respect to the claim for breach of implied warranty, the Defendants have asserted the bar of the four year statute of limitations set forth in § 8.2–725, Code of Virginia. Pursuant to § 8.2–725, an action for breach of a contract of sale must be commenced within four years after the cause of action has accrued. A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made unless otherwise intended by the terms of the warranty.

Tender of delivery of the shovel, pursuant to the lease purchase agreement was made in June of 1986. The instant action was not commenced until July 30, 1991. Plaintiff exercised its option to purchase on August 6, 1987. A contract for sale includes both a present sale and a contract to sell goods at a future time. § 8.2–106, Code of Virginia. At the time it exercised its option to purchase, Plaintiff received a credit for its lease payments against the purchase price.

Defendants assert that "tender of delivery" was made in June of 1986. In so doing, they rely upon the position of the Pennsylvania Court of Common Pleas set forth in *Industrial Uniform Rental Co., Inc.* v. *International Harvester Co.,* 32 UCC Rep. 864 (Pa. Ct. Com. Pl. 1981). Faced with a lease purchase agreement similar to the one in the instant case, the court in *Industrial Uniform,* rejected the idea that "tender of delivery" was postponed until after the lease purchase agreement was converted into a sale. To do so, the court opined:

> would lead to an open ended limitation period with resulting uncertainty and bizarre and inequitable results. To take but one example: an out-right purchaser of the product would be limited to four years from the date of tender of delivery within which to bring a claim for breach of warranty; yet, a lessee-vendee, who initially used the same product as lessee for an extended, theoretically unlimited, period of years, would upon converting the lease into a purchase, acquire an additional

four years within which to bring a claim for breach of the very same warranty.

*Industrial Uniform, supra.*

In disregarding form for the substance of the transaction, this Court agrees with the Court in *Industrial Uniform*, that the legislature would not have intended such an absurd result in this case. Accordingly, the Court finds the action based upon an implied warranty to be barred by the four year statute of limitations from tender of delivery under the lease purchase agreement in June of 1986. Count III will be dismissed.

With respect to Count II alleging the breach of an express warranty, the Court cannot grant summary judgment based upon the matters properly to be considered in such motion. It cannot conclude that there are no matters genuinely in dispute such that the Defendants may be awarded judgment at this time. Accordingly, the Court will deny the motion for summary judgment as to Count II of the Amended Motion for Judgment. The case will go forward on Plaintiff's claim for breach of an express warranty with leave for the Defendants to raise those defenses presented on summary judgment and not ruled upon by the Court, at the time of trial.