38 F.3d 1220
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 ACME DELIVERY SERVICE, INC., Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 93-1190.
 United States Court of Appeals, Tenth Circuit.
 Oct. 25, 1994.
 ORDER AND JUDGMENT*
 
 1
 Before EBEL and SETH, Circuit Judges, and MECHEM, District Judge**.
 
 
 2
 Plaintiff-Appellant's cause of action is based on the immunity provided in the Federal Tort Claims Act, 28 U.S.C. 1346(b). Appellant was a subcontractor with American Ensign (one of three contractors) which was a General Contractor with the Government. The Appellant seeks some $200,000 from the Government for services performed under its subcontract with the General Contractor, and for which the General Contractor did not pay. The services by Appellant were performed between September 1, 1990 to November 19, 1990. It asserts also that several other companies performed similar services for the General Contractor under subcontracts, and they also were not paid. The record shows that the Government continued to use the General Contractor during that period, and paid it fully pursuant to the contract between them. The General Contractor apparently was insolvent during this period and, as mentioned, did not pay its subcontractor. The Appellant here describes the cause of action appealed as one of negligence. To quote from Appellant's Reply Brief:
 
 
 3
 "The Complaint contains two claims for relief. Acme has elected to appeal only the dismissal of the First Claim. The First Claim alleges that the Government's negligence caused damages to Acme. The Government was negligent in failing to stop using American Ensign for work after September 1, 1990."
 
 
 4
 The trial court treated the proceedings as they developed as motions for summary judgment, and entered a judgment for the Government. The Appellant has taken this appeal only from the trial court's judgment as to the "First Claim" as quoted above. The nature of the claims apparently underwent some changes in the trial court. Also, as the case reaches us it looks somewhat different than it did in the trial court. From the briefs and argument we understand that the action was one of negligence, and again, Appellant expresses the position that the appeal is only on the "First Claim" quoted above.
 
 
 5
 It seems necessary to describe the issues and contentions advanced in the trial court but not included in this appeal.
 
 
 6
 No agency relationship between the Government and the General Contractor is advanced by Appellant on appeal. Nor was any "broker" relationship so asserted.
 
 
 7
 There is no assertion on appeal that the Government had any continuing control over the General Contractor's performance of duties in regard to any subcontractor.
 
 
 8
 The Regulation, as such, pertaining to "non-use" of general contractors by the Government under certain circumstances was held not applicable by the trial court and this was not appealed on that ground. Instead the Appellant appeals the First Cause as a statement of general negligence.
 
 
 9
 There is no assertion by Acme on appeal that any affirmative action by the Government caused or impacted General's performance of the contract with Acme. The only "action" by the Government was its continuation of payments to Contractors.
 
 
 10
 The only breach of contract asserted is by the General Contractor of its contract with Appellant.
 
 
 11
 Thus, on appeal, the only impact asserted by Acme on its relationship with the General Contractor was the continuation by the Government of its performance of its contract with the General Contractor, a continuation after the financial condition of the General Contractor deteriorated. This continuation is advanced by Appellant as "the tort", the negligence, to meet the FICA requirements. We cannot hold that this places the claim within the scope of the Tort Claims Act. The cause of action here advanced is well within contract doctrines and not within the waiver of immunity described in the Tort Claims Act.
 
 
 12
 The Appellant at the close of its Reply Brief describes its theory as follows:
 
 
 13
 "This case involves both a breach of contract' and a tort' by American Ensign. American Ensign committed a tort when it purchased services from Acme knowing that it would not pay for them. The Government knew that in all probability American Ensign would commit this tort in the course of doing work for the Government. Under these facts, the Government owes a legal duty to Acme."
 
 
 14
 The nature of the case as advanced by the Appellant on appeal must place it in the contract doctrines. The Tort Claims Act does not create substantive causes of action but only waives sovereign immunity only in situations where under state law an individual would become liable for a negligence act. Ascot Dinner Theatre, Ltd. v. Small Business Adm., 887 F.2d 1024 (10th Cir.); Reynolds v. United States, 643 F.2d 707 (10th Cir.). The Appellant has failed to show that under Virginia law an individual could successfully advance the cause of action as asserted by Appellant, which, as the Government urges, is an action to hold a creditor of a failed business liable in turn to the creditors of the failed enterprise. The "non-use Regulation" issue perhaps has been abandoned by the Appellant but it nevertheless is disposed of by McMann v. Northern Pueblos Enterprises, 594 F.2d 784 (10th Cir.). The Appellant tried to establish any duty of the Government to Appellant as required by Virginia authorities. Blake Construction Co. v. Alley, 353 S.E.2d 724(Va.). This is not a personal injury action. Instead, this is a contract action by Appellant based only on Appellant's financial relationship with the General Contractor and the General Contractor's financial relationship with the Government. It is not a case concerned with the selection of a contractor carelessly selected who committed a tort in work performance. The duty of selection consideration does not include possible financial deterioration with an impact on its creditors. In Blake Construction v. Alley, 353 S.E.2d 724(Va.), the court expressly held in a suit based on the selection of an architect. It held that no duty exists which compels an architect to protect the builder from "purely economic loss."
 
 
 15
 Again, this was not an action contemplated to be excluded within the waiver of immunity of the Tort Claims Act.
 
 
 16
 AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Edwin L. Mechem, United States District Judge for the District of New Mexico, sitting by designation