## CIRCUIT COURT OF LOUDOUN COUNTY

Leesburg Auto Center, L.L.C.

v.

Leo Construction Company

December 16, 1997

Case No. (Law) 19755

BY JUDGE JAMES H. CHAMBLIN

This case is before the Court on the Demurrer of Leo Construction Company to a Motion for Judgment filed by Leesburg Auto Center, L.L.C., alleging that Leo Construction, while engaged in excavation of property adjacent to Leesburg Auto Center, negligently struck a live electric line causing a power surge in the electrical system of Leesburg Auto Center which caused it to suffer damages, "including the loss of an air compressor, its network of personal computers, photocopy and fax machines, and the loss of revenue caused by its inability to conduct its business affairs without its necessary equipment." Leo Construction demurs on the ground that there is no cause of action for economic losses when there is no privity between the parties.

The demurrer was argued December 5, 1997.

The demurrer is overruled for the reasons that follow.

Leo Construction cites the Virginia cases of *Blake Const. Co. v. Alley*, 233 Va. 31 (1987), and *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419 (1988). Neither case is applicable here. Both cases involved negligence actions for purely economic loss where there was no privity of contract and reaffirmed the common law rule that a party not in privity may not recover damages for negligence where there is no physical injury to person or property.

Here Leesburg Auto Center alleges direct damage to its property due to the negligence of Leo Construction. Damages due to loss of revenue resulting from the property damage are consequential damages that could have been

anticipated. It is reasonably foreseeable that, if a person negligently causes a power surge that results in damage to a business property, then it is equally foreseeable that the damage to the property would cause the business to lose revenue.

Leesburg Auto Center is alleging damage to property, both direct and consequential. It is not a cause of action for solely economic loss. Hence, privity is not required.

Let Mr. Costelloe prepare an order overruling the demurrer for the reasons stated herein and granting Leo Construction twenty-one days after entry of the order to file its grounds of defense.