## CIRCUIT COURT OF AMHERST COUNTY

Jerry Bryant

v.

Tomorrow's Resources
Unlimited, Inc., et al.

April 10, 1998

Case No. (Chancery) 8070

By Judge J. Michael Gamble

I am writing this letter to rule on the demurrer of the defendants in the above case. I will rule on each demurrer as set forth in the chronological order of the demurrer and the bill of complaint.

The defendants' demurrer to Count III of the bill of complaint is based on the grounds that Virginia does not recognize a common law claim for intentional harm to property interest and that the plaintiff is attempting to create a tort action from a breach of contract action. The demurrer to Count III of the bill of complaint is overruled.

The defendants, in their demurrer, assert that this is a breach of contract action for economic losses and not a tort action. Defendants cite *Blake Construction Co. v. Alley*, 233 Va. 31, 34, 353 S.E.2d 724 (1987), for the proposition that there is no common law duty to protect from purely economic loss. In *Alley*, the Court held that there must be privity in tort actions where no physical injury is alleged, and the action is solely for economic loss. *Id.* at 34. Accordingly, defendants in the instant case maintain that this is purely a contract action for economic losses, and the plaintiff has failed to state a claim in tort.

The plaintiff, however, maintains that he has alleged an independent tort for interference with a prospective business or economic advantage. The Supreme Court of Virginia has recognized that there is a tort action for interference with a prospective business or economic advantage if certain elements are met. Those elements are as follows: (1) the existence of a business relationship or expectancy, with a probability of future economic benefit to plaintiff; (2) defendant's knowledge of the relationship or expectancy; (3) a reasonable certainty that absent defendants intentional misconduct, plaintiff would have continued the relationship but realized the expectancy; and (4) damage to plaintiff. *Glass v. Glass*, 228 Va. 39, 51-51, 321 S.E.2d 69 (1984); *Chaves v. Johnson*, 230 Va. 112, 120, 335 S.E.2d 97 (1985).

The plaintiff has alleged sufficient allegations to satisfy the requirements for a tort action of intentional harm to a property interest. Plaintiff has alleged that he developed a unique design for the bow release mechanism, that the defendants deprived him of his property right, that the defendants understood his business expectancy because they were a part of the arrangement to capitalize on this expectancy, that he would have realized the expectancy by the manufacture of the device and that he was damaged.

While the above alleged facts support the allegations for breach of contract, they also constitute a separate and independent allegation in tort for damage to a property right. Although the same facts support both breach of contract and harm to a property interest, the elements which establish these causes of action are different. Thus, the plaintiff has alleged an independent tort in Count III of the bill of complaint.

The defendants filed a demurrer to the cause of action in Count IV for misappropriation of ideas on the ground that Virginia does not recognize any such common law cause of action. The demurrer to Count IV is overruled, but the plaintiff will be required to amend the bill of complaint for this Count.

Although the plaintiff does not make reference to this code section in the bill of complaint, the plaintiff in its brief maintains that he has alleged a cause of action under the Uniform Trade Secrets Act, § 59.1-336 *et seq.* of the Code of Virginia. This Court agrees. The Virginia Uniform Trade Secrets Act grants a right of action for misappropriation of ideas. Section 59.1-338 of the Virginia Trade Secrets Act allows the recovery of damages against the user of a misappropriated trade secret. *See also Dionne v. Southwest Foam Converting & Pkg.*, 240 Va. 297, 397 S.E.2d

110 (1990). Count IV makes allegations that fit within the Trade Secrets Act.

Accordingly, the demurrer to Count IV is overruled. Nonetheless, I am requiring the plaintiff to amend the pleading in Count IV to allege a violation of the Virginia Trade Secrets Act, § 59.1-336 *et seq.* of the Code of Virginia.

The defendants' demurrer to Count V of the bill of complaint is based on the ground that *prima facie* tort is not a recognized cause of action in Virginia. The demurrer is sustained to Count V on this ground. There is no cause of action for *prima facie* tort in the Commonwealth of Virginia. I can find no case decided by the Virginia Supreme Court which supports this broad cause of action. Accordingly, this demurrer is sustained, and Count V is dismissed.

The defendants' demurrer to Count VI is based on the ground that the plaintiff has failed to allege specific facts which justify a constructive trust. The demurrer to Count VI is overruled.

A constructive trust is created to prevent fraud or injustice. *Porter v. Shaffer*, 147 Va. 921, 928, 133 S.E. 614 (1926). Further, a constructive trust arises in order to prevent fraud. A constructive trust can occur when property has been acquired by fraud, improper means, or even where it has been properly acquired and equity demands that it not be retained. *Leonard v. Counts*, 221 Va. 582, 589, 272 S.E.2d 190 (1980); *Porter v. Shaffer, supra,* at 928. The plaintiff alleged facts to support a claim for fraud or injustice.

The plaintiff is directed to file the amended allegations in Count IV by May 1, 1998. Thereafter, the defendant shall file any further responsive pleading by May 15, 1998.