# CIRCUIT COURT OF THE CITY OF NORFOLK

Metro Panel Systems, Inc.

v.

Sordoni Skanska Const. Co. et al.

v.

Ladybug Concrete Specialties, Inc.,
Taubman MacArthur Associates, L.P.,
James Morris,
and Master Setters, Inc.

September 17, 2001

Case No. (Chancery) CH99-2022

BY JUDGE CHARLES D. GRIFFITH, JR.

This matter comes before the Court on a Motion for Summary Judgment made by Ladybug Concrete Specialties, Inc. (Ladybug) on July 31, 2001. Ladybug's Motion stems from a Third-Party Bill of Complaint filed by Metro Panel Systems, Inc. (Metro) against numerous Third-Party Defendants, including Ladybug. The respective parties filed memorandums of law in support of and opposing the Motion, and arguments were made before this Court on August 15, 2001. After considering the relevant facts and inferences in the light most favorable to Metro, the non-moving party, the Court holds that Ladybug's Motion for Summary Judgment should be sustained.

This matter arose from the construction of the MacArthur Center Mall in Norfolk, Virginia. On or about November 24, 1999, Metro filed a Bill of Complaint in this Court for a breach of contract/mechanic's lien suit against Sordoni Skanska Construction Company (Sordoni) and other defendants. In its claim against Sordoni, Metro asserted breach of contract and unjust enrichment claims and sought payment for work it allegedly completed

pursuant to the parties' tile subcontract. (Metro's Bill of Compl. at 14-16.) On or about January 28, 2000, Sordoni filed a counterclaim against Metro. Sordoni asserted that Metro breached the tile subcontract by not properly installing floor tiles and failing to repair and replace faulty floor tiles. (Sordoni's Countercl. at 2-3.)

The instant matter arose from the filing of a Third-Party Motion for Judgment by Metro against Taubman MacArthur Associates, Limited Partnership, Ladybug, James Morris, and Master Setters, Inc. Metro alleged that Ladybug was hired by Sordoni to perform tile removal work in connection with tile repair at the MacArthur Mall. (Metro's Third-Party Mot. for J. at 6.) Metro claimed that the tile removal methods employed by Ladybug were negligent and caused damage to adjacent tiles and the underlying setting beds. *Id.* at 7. Metro alleged that Ladybug's negligence entitles it to contribution and/or indemnification in the event that Metro is found liable to Sordoni. *Id.*

On or about July 31, 2001, Ladybug filed its Motion for Summary Judgment, in which it alleges that Metro's claim is nothing more than an attempt to recover for its disappointed economic expectations resulting from its flooring subcontract with Sordoni. (Ladybug's Mot. for Summ. J. at 3.) It also claims that "[b]ecause Metro is not in privity with Ladybug and because Metro seeks recovery of purely economic losses, Metro's claim is barred, as a matter of law, by the economic loss doctrine." *Id.* Metro argues that the economic loss rule does not apply. (Metro's Mem. in Opp'n to Ladybug's Mot. for Summ. J. at 2.) In support of this argument, Metro makes three assertions. First, it claims that Ladybug contractually agreed to be liable for damages caused to the work of other subcontractors. Second, Metro alleges that it is a third-party beneficiary of Ladybug's contract with Sordoni; therefore, it is in privity with Ladybug and has a right to enforce the express and implied warranties assumed by Ladybug under its contract with Sordoni. Third, Metro claims that the economic loss rule does not prevent a subcontractor from recovering from another subcontractor who negligently causes physical harm to its property. *Id.*

Under Virginia Rule 2:21, summary judgment is appropriate if it appears from the pleadings, orders, and admissions that the moving party is entitled to judgment. "If it appears . . . that the moving party is entitled to judgment, the court shall enter judgment in his favor." *Id.* "In considering a motion for summary judgment, a court must adopt those inferences from the facts that are most favorable to the nonmoving party, unless the inferences are forced, strained, or contrary to reason." *Dickerson v. Fatehi,* 253 Va. 324, 327, 484 S.E.2d 880, 882 (1997). "Summary judgment is appropriate only when there are no material facts genuinely in dispute on a dispositive issue." *Leeman v.*

*Troutman Builds, Inc.*, 260 Va. 202, 206, 530 S.E.2d 909, 911 (2000). After reviewing the complete record, including relevant facts and inferences in the light most favorable to Metro, the Court finds that there is no dispute regarding material issues of fact because Metro is barred from recovery under the economic loss rule. As such, Ladybug is entitled to summary judgment.

The first issue the Court must resolve is whether the parties are in privity of contract. Metro alleges that, under Ladybug's subcontract with Sordoni, it contractually agreed to be responsible for alleged damages caused to Metro. (Metro's Mem. in Opp'n to Ladybug's Mot. for Summ. J. at 5.) Metro also argues that it is in privity with Ladybug as an intended beneficiary of the Ladybug-Sordoni subcontract. *Id.* at 6-8. The Court disagrees with both assertions and finds that Metro is not in privity with Ladybug.

Privity of contract is the nexus or relationship existing between two or more contracting parties. In its Third-Party Motion for Judgment, Metro states that "Ladybug was hired by Sordoni to perform certain work in connection with tile repair of the floor tile located at the MacArthur Mall, which . . . was installed by Metro." (Metro's Third-Party Mot. for J. at 6.) In September of 1997, Ladybug executed a subcontract with Sordoni. Paragraph 5.2 of the subcontract states:

> In the event the Work of the Subcontractor is damaged, or should the Work of the Subcontractor be delayed or interfered with by any other Subcontractor or materials supplier on the Project, the Subcontractor and each Subcontractor or material supplier shall be directly responsible to the other, each shall look solely to the other for compensation, and the Subcontractor will not seek compensation or damages from [Sordoni] by reason thereof.

(Metro's Mem. in Opp'n to Ladybug's Mot. for Summ. J., Ex. 4 at 6.)

Although Metro entered into an identical subcontract with Sordoni, it was not a party to the Ladybug-Sordoni subcontract, and there was no written contract between Metro and Ladybug. Furthermore, the Court finds that the contract between Ladybug and Sordoni is not carried over to any alleged oral agreements between the parties. Therefore, Metro and Ladybug are not in privity of contract, for the provisions of the Ladybug-Sordoni agreement do not establish a contractual nexus between Ladybug and Metro.

Metro also argues that "[p]rivity exists not only among those who are a party [sic] to the contract, but also to those who are intended beneficiaries of the contract." (Metro's Mem. In Opp'n to Ladybug's Mot. for Summ. J. at 5.)

In support of this argument, Metro cites Virginia Code § 55-22, which describes when a person, not a party, may sue under an instrument:

> An immediate estate or interest in or benefit of a condition respecting any estate may be taken by a person under an instrument, although he be not a party thereto; and if a covenant or promise be made for the benefit, in whole or in part, of a person with whom it is not made, or with whom it is made jointly with others, such person, whether named in the instrument or not, may maintain in its own name any action thereon which he might maintain in case it had been with him only and the consideration had moved from him to the party making such covenant or promise.

Va. Code Ann. § 55-22. Metro alleges that "Ladybug was hired to perform a service which was intended by Sordoni and Ladybug to benefit Metro." (Metro's Mem. In Opp'n to Ladybug's Mot. for Summ. J. at 7.) It also claims that "as the third-party beneficiary to the contract between Ladybug and Sordoni, [Metro] is entitled to enforce the terms of that contract as if the consideration passed directly from Metro to Ladybug." *Id.*

The Court is not persuaded by Metro's arguments, and it finds that Metro was not an intended third-party beneficiary to the Ladybug-Sordoni subcontract. The Virginia Supreme Court has unequivocally stated that "[t]he third party beneficiary doctrine is subject to the limitation that the third party must show that the parties to the contract clearly and definitely intended it to confer a benefit upon him." *Professional Realty Corp. v. Bender*, 216 Va. 737, 739, 222 S.E.2d 810, 812 (1976). As such, "Code § 55-22 has no application unless the party against whom liability is asserted has assumed an obligation for the benefit of a third party." *Copenhaver v. Rogers*, 238 Va. 361, 367, 384 S.E.2d 593, 596 (1989). In this case, there has been no showing that Ladybug and Sordoni intended to confer any benefit upon Metro. If anything, Metro is an incidental beneficiary of the Ladybug-Sordoni subcontract, and "a person who benefits only incidentally from a contract between others cannot sue thereon." *Id.*

Since the Court finds that Metro and Ladybug are not in privity of contract, it must now determine whether the relief sought by Metro is solely for an economic loss. The economic loss rule is the product of the Virginia Supreme Court's interpretation of Virginia Code § 8.01-223, which abrogates the common law requirement of privity in negligence cases involving injuries to persons or property. The parties have cited several appellate decisions on this subject, some of which are instructive.

In *Blake Const. Co. v. Alley*, 233 Va. 31, 353 S.E.2d 724 (1987), a general contractor on a construction project sued the owner's architect for damages resulting from the architect's negligence in the performance of his duties under his contract with the owner. The Virginia Supreme Court held that the contractor could not maintain his action for economic loss against the architect because there was no privity. Virginia Code § 8.01-223 did not apply because, according to the Court, that statute "expressly limits its application to cases involving injuries to person and property." *Id.* at 34, 353 S.E.2d at 726. The Court further stated that "[s]tatutes in derogation of the common law are to be strictly construed. . . . We cannot impute to the General Assembly an intent to abrogate by implication the privity requirement in cases where no injury [to person or property] is alleged, thereby allowing negligence actions for solely economic loss." *Id.*

The Virginia Supreme Court expanded its *Blake* ruling in *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55 (1988), in which it which announced a test for classifying the character of a loss:

> The controlling policy underlying tort law is the safety of persons and property — the protection of persons and property from loss resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. If that definition is kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property of one hand and economic losses on the other.

*Id.* at 425, 374 S.E.2d at 58.

*Sensenbrenner* held that landowners could not recover against a pool subcontractor and an architect, under a tort theory of injury to their property, where no privity of contract existed between them. In seeking recovery for damages caused by broken water pipes resulting from improper settlement of the pool, the landowners alleged nothing more than disappointed economic expectations. "The effect of the failure of the substandard parts to meet the bargained-for level of quality was to cause a diminution in the value of the whole, measured by the cost of repair. This is a purely economic loss, for which the law of contracts provides the sole remedy." *Id.* The Court also held that the landowners could not recover under a tort theory of breach of duty because the architect and pool subcontractor assumed no duties to take care for the safety of their property. *Id.*

Finally, in *Rotunda Condominium Unit Owners Ass'n v. Rotunda Associates*, 238 Va. 85, 380 S.E.2d 876 (1989), the Virginia Supreme Court

held that a condominium owners association could not sue a developer on behalf of individual owners to recover damages for structural defects in the common elements. The Court held that the damages were not recoverable in tort because the association only sought to recover damages for economic loss associated with the cost of repairing the defects. *Id.* at 90, 380 S.E.2d at 879. "Such economic losses are not recoverable in tort; they are purely the result of disappointed economic expectations. The law of contracts provides the sole redress for such claims." *Id.*

The reasoning of the above-cited cases can easily be applied to the instant matter as Metro seeks recovery for solely economic loss. In its Third-Party Motion for Judgment, Metro prays that "[i]n the event that Metro is liable to Sordoni in any respect, which is denied, then such liability arose from Ladybug's negligence and Metro is entitled to indemnification [and/or contribution], in whole or in part, for any liability that may be adjudged against Metro." (Metro's Third-Party Mot. for J. at 7.) This shows that even though Metro claims that Ladybug was negligent in repairing the tile floor, it does not seek recovery for damages to its alleged "property." Rather, Metro is seeking indemnification and/or contribution for any economic losses it will suffer if found liable to Sordoni.

The privity requirement has not been removed in negligence actions seeking only economic losses. *Blake*, 233 Va. at 34, 353 S.E.2d at 726. Metro and Ladybug were not in privity of contract, and although Metro alleges negligence, it only seeks recovery of potential economic losses. Therefore, even after considering the relevant facts and inferences in the light most favorable to Metro, the Court finds that there are no material facts genuinely in dispute regarding its claims against Ladybug, and Ladybug is entitled to summary judgment.

For the reasons stated above, it is the ruling of this Court that Ladybug's Motion for Summary Judgment is sustained.