# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Donald J. Fix et al.

v.

Eakin/Youngentob
Associates, Inc., et al.

November 21, 2001

Case No. (Law) CL010328

By Judge John E. Kloch

This matter came on Defendants' demurrers to the motion for judgment and motion craving oyer. Plaintiffs allege that they entered into a sales contract with defendants on May 7, 1999, under which defendants were to construct a home for plaintiffs. Plaintiffs claim that the defendants fraudulently induced plaintiffs into purchasing a home in the Ford's Landing Development. Plaintiffs also allege that defendants breached the sales contract by constructing the home with defective materials, by failing to use the materials represented, by not providing plaintiffs with a habitable home by the date specified in the contract, and by failing to cure numerous defects. This Court heard from the parties on motions day, August 22, 2001, and took the parties' arguments under advisement.

The motion craving oyer is granted. The demurrers to Counts I, II, III, IV, and V are overruled.

Defendants demurred to Counts VI, VII, and VIII on the ground that those claims are barred by the economic loss rule. Defendants claim that the rule limiting recovery for economic losses to the law of contracts applies to sales of real property which are alleged to be qualitatively defective. See *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55 (1988). The economic loss rule states that a plaintiff who suffers purely economic loss must sue in contract and cannot sue in tort.

Specifically, plaintiffs allege in Count VI that they "suffered damage" as a result of defendant's negligence. The economic loss rule provides that a person may not recover damages for negligence where the damages are purely economic losses rather than physical injury to a person or property. See *Blake Const. Co. v. Alley*, 233 Va. 31, 353 S.E.2d 724 (1987). Plaintiffs allege that defendants had a duty to construct the residence in accordance with the building code and industry standards. While this allegation does impose a duty arising outside of the contract, plaintiffs have not specifically alleged personal or property damages arising from a breach of this duty. Thus, plaintiffs have failed to allege damages with sufficient clarity for this action to sound in tort. The demurrer is sustained based on the economic loss rule. Plaintiffs are granted leave to amend.

In Count VII, plaintiffs have alleged a cause of action for tortious interference with a prospective business or economic advantage but have labeled the count tortious interference with a business expectancy. A plaintiff may be awarded economic losses in claims for fraud or interference with a business expectancy if privity exists. See *Ward v. Ernst & Young*, 246 Va. 317, 435 S.E.2d 628 (1993). Plaintiffs have alleged privity. The economic loss rule does not bar recovery to plaintiffs' claim for tortious interference with a prospective business or economic advantage. Thus, the demurrer is overruled with regard to the economic loss rule. However, the demurrer is sustained on the basis that plaintiffs have failed to properly plead a cause of action for tortious interference with a business expectancy, as labeled. Plaintiffs are granted leave to amend.

In Count VIII, plaintiffs have alleged a cause of action for negligent retention. Plaintiffs allege that defendants had a duty based on the relationship of the parties and statutory obligations. However, as in Count VI, plaintiffs have failed to allege specific personal or property damage. Plaintiffs have also failed to allege a duty arising outside of the contract. The demurrer is sustained based on the economic loss rule. Plaintiffs are granted leave to amend.

Defendants' demurrer on the basis of rescission is overruled.

Defendants demur to plaintiffs' claims for attorney's fees in Counts I, II, III, and VI. The demurrer is overruled with regard to Counts I, II, and III and sustained with regard to Count VI.