## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

243 Industrial Associates, L.P.

v.

Consumer Fuel Co., et al.

December 20, 1994

Case No. CL93-407

BY JUDGE WILLIAM H. LEDBETTER, JR.

The plaintiff's claim in this case implicates the so-called economic loss rule. The defendants contend that the rule precludes the plaintiff's recovery for fire damage to its building resulting from the defendants' allegedly negligent performance of a contractual commitment to a third party, the plaintiff's lessee.

Arguments were heard on the defendants' motion for summary judgment on November 28, 1994. This opinion sets forth the court's rulings and analysis.

### Facts

Because no evidence has been presented, the facts are those alleged in the plaintiff's pleadings and facts admitted during discovery.

The plaintiff, 243 Industrial Associates, owns a cluster of buildings in an industrial park in Spotsylvania County. It leases the buildings to Walter Grinders, Inc. Grinders entered into a series of maintenance agreements with the defendants and their predecessor (collectively, Consumer Fuel) to provide maintenance services on warm air heating furnaces in the leased premises. In addition, Consumer Fuel performed repairs on the furnaces for Grinders.

On April 4, 1989, one of the furnaces caught fire resulting in extensive fire and soot damage to the building. In its motion for judgment 243 Industrial Associates claims that the fire was caused by "a leak in the oil

pump shaft seal in the furnace," which in turn was caused by the negligence of employees of Consumer Fuel.

Consumer Fuel points out that its contract was with Grinders, the lessee, not 243 Industrial Associates, and that its work was done for Grinders. Labelling the plaintiff's loss an "economic loss," Consumer Fuel argues that the plaintiff cannot recover because there was no privity between them.

### Applicable Legal Principles

The economic loss rule is the product of our Supreme Court's interpretation of Virginia Code § 8.01-223. That statute abrogates the common law requirement of privity in negligence cases involving "injury to person, including death, or to property . . . ." In *Blake Construction Co. v. Alley,* 233 Va. 31, 353 S.E.2d 724 (1987), the Court referred to the doctrine that statutes in derogation of the common law are to be strictly construed and held that the Court "cannot impute to the General Assembly an intent to abrogate by implication the privity requirement in cases where no injury [to person or property] is alleged, thereby allowing negligence actions for solely economic loss." Therefore, an action seeking damages for a purely economic loss does not lie where the loss results from negligent performance of a contractual commitment brought by a non-party to the contract.

The first inquiry in determining the applicability of the economic loss rule is whether there was privity between the parties. Here, the answer is obvious and, in fact, conceded. There was no privity between 243 Industrial Associates and Consumer Fuel. Although Consumer Fuel was performing work on the plaintiff's premises, it was doing so at the behest of the lessee who occupied the premises.

The second, and more perplexing, inquiry is whether the damages sought by the plaintiff are solely for an economic loss. A line of appellate court decisions on the subject is instructive.

In *Blake,* a general contractor on a construction project sued the owner's architect for damages resulting from negligence in the performance of the architect's duties under its contract with the owner. The general contractor had a separate contract with the owner but no contract with the architect. The Court held that the general contractor could not maintain an action for economic loss against the architect because there was no privity between them, and § 8.01-223 did not apply. The Court explained that negligence is actionable only for violation of a duty to protect the safety of the person or

property of another and said that where mere deterioration or loss of bargain is claimed, the concern is with a failure to meet some standard of quality. This standard of quality, the Court added, must be defined by reference to that which the parties have agreed upon.

In *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55 (1988), the Court applied the rule in *Blake* to a negligence action brought by landowners against an architect and a swimming pool subcontractor, both of whom had been employed by the landowner's builder. The landowner's contract with the builder was for a house with a swimming pool. The builder engaged the services of the architect and the pool subcontractor. The landowner had no contract with either of them. After the project was completed, the landowner discovered damage to the foundation of the house caused by broken water pipes resulting from improper settlement of the pool. The Court announced a test for the classification of the character of a loss:

> The controlling policy underlying tort law is the safety of persons and property — the protection of persons and property from loss resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. If that definition is kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on one hand and economic losses on the other.

In that case, the Court noted, the landowner had purchased a package — the land, house, and pool. The package was allegedly defective. The effect of the failure of one substandard part to meet the bargained-for level of quality was to cause diminution in the value of the whole, measured by cost of repair to the damaged part. This is a purely economic loss, the Court said, for which the law of contracts provides the sole remedy.

In *Rotonda Condo. Owners v. Rotonda Associates*, 238 Va. 85, 380 S.E.2d 876 (1989), the Court held that a condominium owners' association could not bring suit against the developer to recover for structural defects in the common elements. Because the association sought only damages for economic loss associated with the cost of repairing the defects, the damages were not recoverable in tort. "They are purely the result of disappointed economic expectations," the Court held, for which the law of contracts provides the sole redress.

The Court applied the rule again in *Copenhaver v. Rogers*, 239 Va. 361 (1989). There, beneficiaries of a failed testamentary trust brought an action for legal malpractice against the attorney who had prepared the instrument. The Court disallowed the action, emphasizing that "this is not a case involving personal injury or property damage, areas in which the common law privity rules have been modified by statute." Instead, the Court found, the case involved a claim solely for economic loss. "It is settled in the Commonwealth that no cause of action exists in such cases absent privity of contract."

Finally, in *Ward v. Ernst & Young*, 246 Va. 317, 435 S.E.2d 628 (1993), the Court denied recovery to a stockholder against his corporation's accountants, holding that the stockholder's loss—i.e., diminution in value of his shares and loss of an opportunity to sell his stock—was a purely economic loss for which there could be no recovery without privity. Because the accountants' contract for services was with the corporation, and it performed its allegedly negligent work for the corporation, the stockholder was not in privity with the accountants.

This court addressed the economic loss rule in *Motion Control Industries v. Butzner Construction Co.*, Spotsylvania County Cir. Ct. # L90-9 (1990). There, the plaintiff claimed that it suffered various economic losses caused by a disruption of electric power to its facility when the defendant Butzner negligently cut an underground electric cable while building a road for the defendant Leonard. The plaintiff was a complete stranger to the enterprise engaged in by Butzner and Leonard. The work was not performed on the plaintiff's property, nor was the plaintiff's property injured. The court ruled that the plaintiff's loss (disruption of its business) was a purely economic loss; and, since the plaintiff was not in privity with the defendants, it could not recover.

### Application of the Principles to this Case

As noted above, the plaintiff alleges that the fire was caused by "a leak in the oil pump shaft seal in the furnace." To support its right to recover, the plaintiff alleges that at the time the fire occurred, a maintenance agreement between Grinders and Consumer Fuel required Consumer Fuel "to inspect and maintain the furnace . . . including its oil pump shaft seals." Next, the plaintiff alleges that Consumer Fuel warranted to Grinders that it would perform work under the maintenance agreement in a good and

workmanlike manner. Further, the plaintiff alleges that the "proximate cause" of its damages was Consumer Fuel's negligence, including "both failure to properly inspect the . . . furnace . . . and failure to properly maintain . . . the furnace." As a consequence of the "negligent acts and omissions" of Consumer Fuel, the plaintiff claims it suffered "property damages" of $214,619.53.

In addition to the pleading, a number of stipulated exhibits, generated through discovery, were presented to the court for consideration. The exhibits include, among other things, copies of the maintenance agreements and copies of work orders presumably indicating that Consumer Fuel employees performed repair work on the furnace.

Applying the economic loss rule developed in *Blake* and its progeny, as explicated in *Sensenbrenner*, *Rotonda* and *Ward*, the court is of the opinion that the damage complained of by 243 Industrial Associates is not a purely economic loss. The plaintiff's claim is, at least in part, that negligent work done by the defendant on a furnace located on the plaintiff's premises caused a fire, resulting in extensive property damage to the plaintiff's building. This damage is not merely a disappointed economic expectation, deterioration, or loss of bargain, nor is the claim concerned with a failure to meet some standard of quality governed by agreement.

As pointed out in *Sensenbrenner*, the controlling policy consideration underlying tort law is the safety of persons and property. A courier under contract with a business establishment to deliver packages across town owes a general duty of care to persons other than the one for whom he is delivering the package. So, if the courier negligently rams his vehicle into a building while delivering a package, the damage is not merely an economic loss, and the courier is answerable in tort to the owner of the building even though there is no privity between them. The courier's duty of care to the owner of the building is separate and independent from his contractual duties to the person for whom he is delivering the package. Likewise, the owner of a building is entitled to protection against fire damage caused by the misfeasance of a repairman doing work on the premises even when the repairman is there at the request or direction of another. Stated differently, someone performing furnace work on another's premises owes a general duty of care, separate and independent from his contractual duties to the person who hired him, and that duty of care surely extends to the owner of the premises.

For these reasons, the economic loss rule does not preclude a recovery by the plaintiff in this case for fire damage to its building occasioned by

acts of employees or agents of Consumer Fuel that would constitute a breach of the defendant's general duty of care. Under this circumstances, the damage is property damage, no privity is required, and the plaintiff is entitled to seek recovery.

Because of lack of particularity in the motion for judgment, it is not clear whether the plaintiff will rely on proof of a *tortious act or omission* by employees or agents of Consumer Fuel during the course of repair or maintenance work on the furnace, or whether the plaintiff also intends to present evidence of Consumer Fuel's failure to comply with its *contractual duties* under its contract with Grinders. This court's ruling, set forth above, addresses only the first point.

To reiterate: the economic loss rule does not preclude the plaintiff from seeking recovery of fire damage to its building caused by a tortious act or omission, i.e., a breach of the general duty to exercise care.

On the other hand, some of the allegations in the motion for judgment suggest that the plaintiff may intend to offer proof as its basis for recovery that Consumer Fuel breached its warranties of workmanlike performance or its other contractual duties by, for example, failing to inspect or maintain the furnace as frequently as it committed to do. In the event the plaintiff were to present a case based on such proof, it could not recover.

The plaintiff was not a party to the contract. Consumer Fuel's warranties and other contractual duties run to Grinders, not the plaintiff. The plaintiff has not alleged that it is a third party beneficiary to the Grinders-Consumer Fuel contracts. Therefore, the plaintiff cannot rely on Consumer Fuel's contractual commitments to Grinders as a basis for recovery of damages in a negligence action against Consumer Fuel. Tort law is not designed to compensate parties for loss suffered as a result of breach of duties assumed only by agreement between the offending party and another.

### Summary of Decision

Summary judgment applies only in cases in which no trial is necessary because no evidence could affect the result. Rule 3:19 is not intended as a substitute method of trial where an issue of fact exists. *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 82 S.E.2d 588 (1954). Therefore, 243 Industrial Associates is entitled to seek recovery for fire damage to its building based on Consumer Fuel's tortious acts or omissions during the course of repair or maintenance of the furnace. This is so because in undertaking such activity, Consumer Fuel owed a general duty of care, separate and apart from its contractual duties to Grinders, which extended

at least to the owner of the premises on which the furnace was located. Under such circumstances, the economic loss rule does not apply for the reasons explained. As to that portion of the plaintiff's claim, then, the motion for summary judgment will be denied.

However, 243 Industrial Associates is not entitled to seek recovery based on Consumer Fuel's breach of contractual duties under its contracts with Grinders. The plaintiff was not a party to or beneficiary of the bargains struck between Consumer Fuel and Grinders and cannot base its recovery on those duties and commitments that Consumer Fuel assumed only by agreement. As to that portion of the plaintiff's claim, the motion for summary judgment will be granted.

Mr. Trichilo will please prepare and circulate an appropriate order granting partial summary judgment under Rule 3:18 for the reasons explained in this opinion letter.