## CIRCUIT COURT OF FAIRFAX COUNTY

Michael R. Gianforte

v.

Verizon Virginia, Inc.

December 8, 2005

Case No. (Law) 2005-2499

BY JUDGE R. TERRENCE NEY

This matter came before the Court on a Defendant Verizon Virginia Corporation's ("Verizon") Demurrer to Plaintiff Michael R. Gianforte's Motion for Judgment. After oral argument, the Court took the matter under advisement.

*Facts*

Because this matter is before the Court on Demurrer, the facts are those alleged in Gianforte's Motion for Judgment.

The defendant, Verizon, contracted with the Spotsylvania County Department of Utilities ("the County") to provide a direct telephone line as a warning service. This warning service was intended to prevent sewage from causing damage to persons or property by providing notice to the County in the event of an impending sewer pumping station malfunction.

Gianforte owns a residence in Spotsylvania County. On March 7, 2001, his property incurred damage when sewage entered his home.

On March 30, 2005, Gianforte filed suit in this Court, alleging that: (1) "it was the duty of Verizon to maintain and operate the telephone warning system for the inhabitants and property owners in Spotsylvania County;" (2) "[Verizon] negligently and carelessly violated its duties by failing to keep the telephone warning system operational, thereby preventing the Spotsylvania County Department of Utilities from having notice of an impending pump failure;" and (3) "as a direct and proximate result, the Plaintiff suffered damage. . . to personal and real property . . . when sewage entered the Plaintiff's residence." *See* Gianforte's Motion for Judgment, Mar. 30, 2005.

Verizon demurred to Gianforte's Motion for Judgment. It argues that Gianforte has sued Verizon in tort for purely economic losses, which is impermissible in Virginia.

## Analysis

A demurrer should be sustained "if the pleading, considered in the light most favorable to the plaintiff, fails to state a valid cause of action." *Welding, Inc. v. Bland County Serv. Auth.*, 261 Va. 218, 226, 541 S.E.2d 909, 913 (2001) (citing *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377, 478 S.E.2d 295 (1996)); *See also* Va. Code § 8.01-273(A). In determining whether the pleading states a valid cause of action, the court must "consider as admitted the facts expressly alleged and those which fairly can be viewed as impliedly alleged or reasonably inferred from the facts alleged." *Id.*

In a negligence action, lack of privity between a plaintiff and defendant does not bar recovery where the plaintiff seeks to recover damages "for injury to person . . . or to property." Va. Code § 8.01-223. This statute, however, has "no application to claims for purely economic losses." *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 423, 374 S.E.2d 55, 57 (1988) (citing *Blake Constr. Co. v. Alley*, 233 Va. 31, 353 S.E.2d 724 (1987)). Absent privity, an action in tort will not lie where a plaintiff seeks damages for economic loss alone. *Blake*, 233 Va. at 36, 353 S.E.2d at 727.

Thus, whether Gianforte can maintain his tort action against Verizon depends on the type of loss Gianforte suffered, economic or non-economic.

The distinction between non-economic and economic damages depends on the source of the defendant's duty. Non-economic damages arise when a defendant breaches a duty "to take care for the *safety* of the person or property of another." *See Sensenbrenner*, 236 Va. 419 at 425, 374 S.E.2d at 58 (citing *Blake*, 233 Va. at 34, 353 S.E.2d at 726) (emphasis in original). Economic damages, on the other hand, are those losses suffered as a result of duties assumed by agreement. They are "disappointed economic expectations"

associated with a contractual bargain and are unrelated to a plaintiff's safety interests. *See Id.* at 425, 58. Although tort law provides compensation for non-economic damages, a plaintiff must sue in contract to recover his economic losses. Contract law is designed to compensate for economic damages, i.e. those "losses suffered as a result of a breach of duties assumed only by agreement." *Id.*

Applying these principles in *Sensenbrenner*, the Supreme Court of Virginia held that a plaintiff who had contracted with a builder for a home with an enclosed swimming pool, could not maintain a negligence action against two sub-contractors of the builder, an architect and a pool builder, where there was no contractual relationship between the plaintiff and the two sub-contractors. *Id.* The court explained that the plaintiff had contracted with the builder for a "package," part of which was allegedly defective, in that case, the pool and foundation. *Id.* "The effect of the failure of the substandard parts to meet the bargained-for level of quality was to cause a [diminution] in the value to the whole, measured by the cost of the whole," which is a purely economic loss. *Id.* The remedy for such a loss lies within the law of contract. *Id.* In other words, the defective pool was a disappointed contractual expectation.

*Sensenbrenner* makes clear that Gianforte may not recover in tort based solely upon Verizon's contractual obligations with the County. Contractual obligations, however, sometimes co-exist with independent common law duties of care to third-parties, where "interest[s] entitled to protection will be damaged if such care is not exercised." *Blake*, 233 Va. at 34, 353 S.E.2d at 726 (citations omitted); *See also 243 Indus. Assocs., L.P. v. Consumer Fuel Co.*, 35 Va. Cir. 322 (Spotsylvania 1994). The Court, therefore, must determine whether such an independent common law duty of care exists in this case.

In *243 Industrial Associates*, a tenant contracted with the defendants for them to provide maintenance services on warm air heating furnaces in the leased premises. 35 Va. Cir. at 322. Sometime thereafter, one of the furnaces caught fire and damaged the building. *Id.* The landlord filed suit, alleging that the fire was caused by the negligence of the defendants' employees. *Id.* at 323. Defendants argued that their maintenance services contract was with the tenant, not the landlord, and that the plaintiff's loss was purely economic in nature. *Id.* Thus, the defendants contended that the landlord could not recover on its negligence claim because there was no privity of contract between the landlord and the maintenance company. *Id.* The court, however, held that the damage complained of was not a purely economic loss. *Id.* at 326.

The court explained by analogy that a courier under contract with a business establishment to deliver packages still "owes a general duty of care to persons other than the one for whom he is delivering the package." *Id.* So, if the courier negligently crashed his vehicle into a building while delivering a

package, the damage is not merely economic, and the courier is answerable in tort to the owner of the building despite a lack of privity between the courier and building owner. *Id.*

Yet, unlike *243 Industrial Associates* and its helpful analogy, the damages sought in this case are strictly economic. Here, Gianforte alleges that the duty breached was "the duty of the Defendant to maintain and operate the telephone warning system for the inhabitants and property owners in Spotsylvania County." *See* Gianforte's Motion for Judgment, Mar. 30, 2005. This duty, however, runs only from Verizon to the County. It is a duty Verizon took upon itself, when it bargained and contracted with the County to provide the telephone warning system.

It is true that Verizon may have an independent duty not to damage the property of others while providing or maintaining the telephone warning service. A breach of this duty would include a situation, where, for example, Verizon, while installing or maintaining the warning system, caused a utility pole to fall onto Gianforte's home. Gianforte's damages would then be analogous to the fire damage in *243 Industrial Associates* because it would have resulted from Verizon's breach of its independent duty to Gianforte.

That is not the situation here. Verizon's failure to properly maintain the warning system for the County may have had a collaterally adverse effect on Gianforte's property. Such damage, however, did not result from a breach of any duty owed to Gianforte.

Gianforte contracted with the County for water and sewer service. He expected that the service would be provided, and that it would not malfunction so as to cause damage to him. The failure of the service and resulting damages amount to a breach of the contract between Gianforte and the County. This is a disappointed economic expectation, pure and simple.

The failure of Verizon's warning system is a breach of its contractual obligation to the County, but not to Gianforte, with whom it has no contractual relationship. Gianforte's remedy lies against the County.

### Conclusion

For these reasons, Gianforte has not stated a cause of action in negligence against Verizon. His damages are purely economic. Accordingly, Verizon's Demurrer to Gianforte's Motion for Judgment is sustained, and this matter is dismissed.