152 F.3d 313
 36 UCC Rep.Serv.2d 286, Prod.Liab.Rep. (CCH) P 15,325
BEARD PLUMBING AND HEATING, INCORPORATED, Plaintiff-Appellant,
v.
THOMPSON PLASTICS, INCORPORATED; NIBCO, Incorporated,
Defendants-Appellees,
and
Thomas Somerville Company, Defendant.
 No. 95-3198.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 29, 1996.
Decided Aug. 10, 1998.
 
 ARGUED: Steven Mark Garver, Law Offices of Steven M. Garver, P.C., Reston, Virginia, for Appellant. Alexander Francuzenko, Saunders & Schmieler, Silver Spring, Maryland, for Appellee Thompson Plastics; Alan Douglas Titus, Carr, Goodson, Lee & Warner, P.C., Washington, DC, for Appellee NIBCO. ON BRIEF: Cheryl G. Rice, Law Offices of Steven M. Garver, P.C., Reston, Virginia, for Appellant. Jeffrey R. Schmieler, Saunders & Schmieler, Silver Spring, Maryland, for Appellee Thompson Plastics; Samuel J. Smith, Jr., Brian H. Rhatigan, Carr, Goodson, Lee & WARNER, P.C., Washington, DC, for Appellee NIBCO.
 Before RUSSELL* and ERVIN, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 Affirmed by published opinion. Judge ERVIN wrote the opinion, in which Senior Judge PHILLIPS joined.
 OPINION
 ERVIN, Circuit Judge:
 
 
 1
 In this diversity action, Beard Plumbing and Heating, Inc., (Beard), appeals from a grant of summary judgment to Thompson Plastics, Incorporated (Thompson), and NIBCO, Incorporated (NIBCO) on Beard's claims of negligence and breach of warranty. For the reasons which follow, we affirm the decision of the district court.
 
 I.
 
 2
 The district court's order granting summary judgment to Thompson and NIBCO is reviewed de novo. E.J. Sebastian Assocs. v. Resolution Trust Corp., 43 F.3d 106, 108 (4th Cir.1994). This court applies the same standards as the district court, i.e. summary judgment is appropriate where there is no genuine dispute as to a material fact. Miller v. FDIC, 906 F.2d 972, 973-74 (4th Cir.1990); Fed.R.Civ.P. 56(c). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). However, the moving party is entitled to summary judgment if the non-moving party has failed to make a sufficient showing on an essential element of the case with respect to which the non moving party has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
 
 II.
 
 3
 Beard is a Virginia corporation engaged in providing materials and labor related to plumbing and heating. Thompson, an Alabama corporation, and NIBCO, an Indiana corporation, manufacture postchlorinated polyvinyl chloride (CPVC) plumbing components.
 
 
 4
 In 1992, Beard, engaged as the plumbing subcontractor in a condominium development in Woodbridge, Virginia, installed CPVC plumbing fittings manufactured by Thompson or NIBCO. Beard purchased these fittings from two third-party suppliers, Thomas Somerville Co., which was originally named as a defendant in the case but later non-suited after Thompson and NIBCO were granted summary judgment, and National Plumbing Store, which was never named as a party. There were no contracts between Beard and either manufacturer. When the fittings cracked and subsequently leaked after hot water was used in the system, the general contractor required Beard to replace the fittings and repair the damage sustained by the homes and then dismissed Beard from the job. The general contractor proceeded to sue Beard, which settled for $165,878.93. In addition to that loss, Beard claims it was denied compensation for performing change orders on the site, was denied compensation for the cost of repairs to the damaged buildings, was denied the remainder of its contract price, incurred legal fees, and lost revenue due to damage to its business reputation. See Brief of Appellant at 5-6.
 
 
 5
 To recover these losses, Beard filed the instant diversity action on June 8, 1995, alleging both breach of warranty and negligence. J.A. at 1. Beard contends that the CPVC fittings manufactured by Thompson and NIBCO were defective and that certain adapters failed when they attempted to shrink around thermally-expanded metal fittings during cool-down. See J.A. at 46. On November 1, 1995, NIBCO filed for summary judgment, and Thompson followed on November 7, on the ground that Beard could not recover economic losses in these circumstances. The district court heard oral arguments on November 17, at which time he granted both motions for summary judgment on Beard's contract and tort claims. See J.A. at 161, 173.
 
 
 6
 In support of his ruling, the trial judge stated:
 
 
 7
 Well, I find in this case that there is really no dispute in the basic facts of what occurred here. And I find that the Sensenbrenner case [236 Va. 419, 374 S.E.2d 55 (1988) ] is controlling. That there is privity required when there is a pure economic loss. And I find that there is no dispute in the facts that this is a pure economic loss.
 
 
 8
 As to the breach of warranty, you just don't meet the basic requirements, the elements to go forward. There is no showing that you relied on the seller's skill or judgment or that he had reason to know you were doing it or that you in fact did it. It is undisputed that you didn't, neither of these defendants bought directly from the plaintiff [sic] and no representations were made.
 
 
 9
 And for those reasons, both the motions of Thompson Plastics and NIBCO for summary judgment will be granted.
 
 
 10
 J.A. at 170. This appeal followed.
 
 III.
 
 11
 Beard seeks to assert three causes of action: a negligence claim sounding in tort, and two warranty claims sounding in contract, one for breach of the warranty of fitness for a particular purpose under Va.Code § 8.2-315 and the other for breach of the implied warranty of merchantability under Va.Code § 8.2-314. The first two claims are barred by Virginia law in these circumstances and will be dealt with first. The final claim of breach of the implied warranty of merchantability is a more difficult question and will be treated last.
 
 A.
 
 12
 Virginia law is clear that, absent privity of contract, economic losses cannot be recovered in a negligence action. See Gerald M. Moore and Son, Inc. v. Drewry, 251 Va. 277, 467 S.E.2d 811, 813 (1996); Sensenbrenner v. Rust, Orling & Neale, Architects, Inc., 236 Va. 419, 374 S.E.2d 55, 57-58 (1988); Blake Constr. Co. v. Alley, 233 Va. 31, 353 S.E.2d 724, 726-27 (1987). Sensenbrenner, in restating the privity requirement for economic losses, stands for the dual propositions that (1) tort law is designed to protect the safety of persons and property from injury whereas the law of contracts seeks to protect bargained-for expectations and (2) the type of loss at issue here is not the type of property damage contemplated by tort law but is rather economic loss subject to recovery, if at all, under contract law. Sensenbrenner, 374 S.E.2d at 58. In that case, plaintiffs sought to recover from the architects and pool contractor, with whom there was no contractual privity, not just for damages to the leaking pool itself but also for the cost of repairing damage done to their home's foundation and the cost of ensuring that the pool would cause no further damage to the house. In answering a question certified by this court, the Virginia Supreme Court rejected plaintiffs' contention that this was property damage, holding that the "effect of the failure of the substandard parts to meet the bargained-for level of quality was to cause a diminution in the value of the whole, measured by the cost of repair. This is purely economic loss, for which the law of contracts provides the sole remedy." Id.; see also Rotonda Condominium Unit Owners Ass'n v. Rotonda Assocs., 238 Va. 85, 380 S.E.2d 876, 879 (1989) (citing Sensenbrenner in its conclusion that the costs of repairs to structural defects in the common elements of a condominium development were economic losses).
 
 
 13
 In the instant case, there is no question that Beard is not in privity with either Thompson or NIBCO, as is evident from the amended complaint itself. See, e.g., J.A. at 9-10. Beard's argument that privity has been abrogated by statute, either by Va.Code § 8.2-318 or by Va.Code § 8.01-223, is unavailing.[1] In Blake Construction, the Virginia Supreme Court specifically held that " § 8.01-223 does not eliminate the privity requirement in a negligence action for economic loss alone" because that section was in derogation of the common law and the court would not enlarge it beyond its express terms. Blake Constr. Co. v. Alley, 233 Va. 31, 353 S.E.2d 724, 726 (1987). Reading Blake and Sensenbrenner together, it seems clear that the Virginia Supreme Court would read § 8.2-318 the same way to the extent it applies to economic loss in negligence actions. In other words, § 8.2-318 does not abrogate the privity requirement in such circumstances. The court below has already so construed Virginia law. See Richmond, F. & P. R.R. v. Davis Indus., 787 F.Supp. 572, 576 (E.D.Va.1992). In any event, this court has already found that § 8.2-318 and § 8.01-223 are companion statutes, Bryant Elec. Co. v. City of Fredericksburg, 762 F.2d 1192, 1194 n. 4 (4th Cir.1985), and that § 8.2-318 is in derogation of the common law and not to be expanded, Farish v. Courion Indus., 722 F.2d 74, 76-77 (4th Cir.1983), aff'd on rehearing en banc, 754 F.2d 1111 (4th Cir.1985). That precedent, in conjunction with Virginia case law, strongly supports the conclusion that § 8.2-318 has not abrogated the privity requirement in negligence actions seeking recovery for economic loss.
 
 
 14
 To escape that privity requirement, Beard claims the damages it seeks go beyond economic loss. Yet all of them--the costs of settlement and legal fees incurred in the action brought by the general contractor, the loss of income due to early termination of its contract with the general contractor, the costs of repairing the leaks and other damage, and lost profits due to injury to business reputation, Brief of Appellant at 15--evince the frustration of bargained-for expectations and none of them would remedy injury to the safety of person or property. See Sensenbrenner, 236 Va. 419, 374 S.E.2d 55, 58 (1988) (stating that if this policy distinction be "kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on [the] one hand and economic losses on the other"); see also Ward v. Ernst & Young, 246 Va. 317, 435 S.E.2d 628, 633-34 (1993) (applying the Sensenbrenner analysis to conclude that a loss in a portion of the proceeds of a sale of stock was an economic loss); James J. White and Robert S. Summers, Uniform Commercial Code § 11-5, at 406 (2d ed.1980) (defining consequential economic loss to include "loss of profits resulting from failure of the goods to function as warranted" and "loss of business reputation"). Therefore, Beard's negligence claim is barred as a matter of law and the grant of summary judgment on this count is affirmed.
 
 B.
 
 15
 Beard's claim for breach of the warranty of fitness for a particular purpose must also fail. Va.Code § 8.2-315 provides:
 
 
 16
 Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under the next section [§ 8.2-316] an implied warranty that the goods shall be fit for such purpose.
 
 
 17
 The Supreme Court of Virginia has interpreted this section to require the buyer to prove three elements:
 
 
 18
 (1) the seller had reason to know the particular purpose for which the buyer required the goods, (2) the seller had reason to know the buyer was relying on the seller's skill or judgment to furnish appropriate goods, and (3) the buyer in fact relied upon the seller's skill or judgment.
 
 
 19
 Medcom, Inc. v. C. Arthur Weaver Co., 232 Va. 80, 348 S.E.2d 243, 246 (1986).
 
 
 20
 Beard has not satisfied the third element, nor can it. Thompson and NIBCO rely principally, but wrongly, on Beard's response to interrogatories that Beard is not aware of any express warranties made by either Thompson or NIBCO to Beard. J.A. at 34, 115. Section 8.2-315, however, provides for an implied warranty; express warranties are treated in § 8.2-313, and Beard's claim is not based on that section. Nevertheless, Beard contends that an implied warranty arises because the "suppliers of the resin used in the manufacture of the CPVC fittings published catalogs which expressly warranted that the female and male adapters were intended for, and could be used in, hot and cold water systems." J.A. at 34, 115; see also J.A. at 129-30. This statement clearly demonstrates that Beard did not rely upon Thompson or NIBCO's skill or judgment but rather upon some representation made by a more remote merchant. Whether that representation can pass through Thompson and NIBCO and hold that remote merchant liable on its warranty (whether express or implied) is not at issue here. Because there was never any communication between Beard and Thompson or NIBCO, there can be no genuine dispute that Beard did not, in fact, rely upon Thompson or NIBCO's skill or judgment in furnishing goods suitable for a particular purpose. Beard's reliance on § 8.2-318's abrogation of the privity requirement, Reply Brief of Appellant at 2, is misplaced, for that section only provides that lack of privity shall be no defense in certain circumstances. Before even reaching possible defenses, Beard, under Medcom, must prove as an element of its claim that it in fact relied on Thompson and NIBCO's skill or judgment. Because Beard cannot make a sufficient showing on this essential element, its claim must fail. See Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Therefore, summary judgment on this claim was appropriate and the district court's judgment hereon is affirmed.
 
 C.
 
 21
 Beard's final claim of breach of the implied warranty of merchantability is a much more difficult problem. The district court's ruling did not even address this claim. See J.A. at 170. Moreover, the record before this court does not contain the parties' memoranda concerning the summary judgment motion nor other sufficient evidence to fully determine that there is not a genuine dispute as to a material fact. Thus, the grant of summary judgment on this claim can only be upheld if Beard's claim is barred as a matter of law since this court reviews that grant de novo. See E.J. Sebastian Assocs. v. Resolution Trust Corp., 43 F.3d 106, 108 (4th Cir.1994). Thompson and NIBCO suggest three ways in which Beard's claim is so barred.
 
 
 22
 First, Thompson and NIBCO rely on a misuse defense, asserting that Beard improperly installed the CPVC female adapters in contravention of the "particular purpose recommended by B.F. Goodrich," the resin supplier. Brief of Appellees at 9. However, construing the facts most favorably to Beard, Beard's denial of this assertion must be taken as true, see Reply Brief of Appellant at 2, and thus a genuine dispute as to a material fact would exist. Moreover, the only case law Thompson and NIBCO rely upon, Layne-Atlantic Co. v. Koppers Co., 214 Va. 467, 201 S.E.2d 609 (1974), dealt with misuse in the context of a § 8.2-315 claim for breach of the fitness warranty, not of a § 8.2-314 claim for breach of the merchantability warranty. But the former is a much narrower, more specific, and more precise type of warranty than the latter. See White & Summers, supra, § 9-9, at 358. Thus while Layne-Atlantic stands for the proposition that a "manufacturer cannot be held to foresee an unanticipated or unpredictable misuse" when it has specified a particular use, Layne-Atlantic, 201 S.E.2d at 614, it does not abrogate the manufacturer's responsibility to produce a merchantable article.
 
 
 23
 Second, Thompson and NIBCO assert that if B.F. Goodrich's representations in its installation guides, see J.A. at 146, 152, are to be imputed to them, then so too must B.F. Goodrich's express disclaimers of warranty. Brief of Appellees at 10-12. This court has held that under Va.Code § 8.2-316, which provides for the exclusion or modification of warranties, a seller's ability to disclaim warranties to remote but foreseeable users is not limited. Buettner v. R.W. Martin & Sons, Inc., 47 F.3d 116, 118 (4th Cir.1995). However, again construing the facts most favorably to Beard, B.F. Goodrich, as supplier of the resin, could only disclaim a merchantability warranty with regards to its product, the resin, and not to the manufactured CPVC fittings themselves. Beard's claim does not assert a merchantability problem with the resin, but rather with Thompson and NIBCO's finished plumbing components. Their attempted reliance on B.F. Goodrich's disclaimer, then, is unavailing.
 
 
 24
 Finally, and most problematically, Thompson and NIBCO claim that because Beard suffered only economic losses it cannot recover under Virginia's Commercial Code, in effect, because of lack of privity. See Brief of Appellees at 17-20. In support of this claim, Thompson and NIBCO argue that the Code's damages provisions in §§ 8.2-714 & -715,[2] even read together with § 8.2-318, which apparently abrogates the privity requirement, will not permit economic losses to be recovered for breach of warranty absent privity. However, Thompson and NIBCO cite no case law in support of their argument because there is none.
 
 
 25
 Beard, on the other hand, claims that § 8.2-318, by its own terms, clearly abolishes the privity requirement and, it appears, correctly reads Sensenbrenner and its progeny as requiring privity for economic losses in tort but not necessarily for a breach of warranty sounding in contract. See Brief of Appellant at 13. Indeed, reading the policy considerations that underlie Sensenbrenner, it would be odd if economic losses, which result from the frustration of bargained-for expectations, could not be recovered for breach of warranty, notwithstanding the lack of privity, given the especially broad reach of Virginia's § 8.2-318. In addition, Beard points to dicta in Gasque v. Mooers Motor Car Co., 227 Va. 154, 313 S.E.2d 384, 390 (1984), that states: "A remote manufacturer is liable to a buyer for damages arising from negligence or from a breach of warranty, and the defense of lack of privity has been abolished as to such cases. Code § 8.2-318." Id. However, Gasque arose before Sensenbrenner and nowhere considers the issue of economic loss. Despite Beard's arguments, § 8.2-318 is in derogation of the common law. If the district court's decision in Richmond, F. & P. R.R. v. Davis Indus., 787 F.Supp. 572 (E.D.Va.1992), be correct, as argued above, that privity is still required to recover economic losses in negligence claims, notwithstanding the language of the statute, then it is certainly conceivable that the Virginia Supreme Court would also require privity to recover economic losses in a breach of warranty claim, again notwithstanding the statutory language.
 
 
 26
 Having determined that this issue was undecided under Virginia law and having found no case in any jurisdiction jointly construing UCC provisions § 2-318 and § 2-715 with regards to economic loss, we certified the question to the Supreme Court of Virginia on January 17, 1997.
 
 
 27
 Our question to that court was phrased as follows:
 
 
 28
 Is privity required to recover economic loss under Va.Code § 8.2-715(2) due to the breach of the implied warranty of merchantability, notwithstanding the language of Va.Code § 8.2-318?
 
 
 29
 On September 12, 1997, the Virginia Supreme Court answered our question in the affirmative, holding in part:
 
 
 30
 To answer this question, we must first determine whether § 8.2-715(2) requires the existence of a contract for the recovery of economic loss damages in breach of warranty cases. Section 8.2-715(2) provides:
 
 
 31
 Consequential damages resulting from the seller's breach include
 
 
 32
 (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and (b) injury to person or property proximately resulting from any breach of warranty.
 
 
 33
 This section does not address economic loss damages. However, because the Court of Appeals directed its inquiry specifically to this section, we assume that the Court of Appeals concluded that the economic loss damages claimed by Beard were consequential damages rather than direct damages. We also limit our discussion to subparagraph (a), since injury to persons or property is not involved in this case.
 
 
 34
 Section 8.2-715(2)(a) is part of the UCC, a comprehensive statutory scheme affecting commercial transactions. Although the UCC is based on a uniform act now adopted by virtually every state, we found no case interpreting the language of § 8.2-715(2)(a) as it relates to the requirement of a contractual relationship between the parties.
 
 
 35
 Nevertheless, the language of the section itself contains a presumption that there is a contract between the parties. The phrase "at the time of the contracting" in subparagraph (a) conveys the understanding of a contract between two parties. To assert, as Beard did at oral argument, that the purpose of the phrase is only to establish the historical moment for judging the seller's foreseeability, does not eliminate the connotation of the existence of a contract inherent in the phrase. Beard's interpretation would require substituting the word "sale" for the word "contracting," and we decline the invitation to rewrite the statute. Therefore, we conclude that § 8.2-715(2)(a) requires a contract between the parties for the recovery of consequential economic loss damages incurred as a result of a breach of warranty by the seller.
 
 
 36
 The second part of the certified question asks us to determine whether the provisions of § 8.2-318 supersede the contract requirement of § 8.2-715(2)(a). Section 8.2-318 provides in pertinent part:
 
 
 37
 Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods[.]
 
 
 38
 The provisions of this section appear to conflict with § 8.2-715(2)(a) regarding the requirement of a contract for the recovery of consequential damages in a breach of warranty action. Rules of statutory construction, however, resolve the apparent conflict. In construing conflicting statutes, if one section addresses a subject in a general way and the other section speaks to part of the same subject in a more specific manner, the latter prevails. Dodson v. Potomac Mack Sales & Service, Inc., 241 Va. 89, 94-95, 400 S.E.2d 178, 181 (1991). Applying this rule, we conclude that, to the extent the two statutes conflict, § 8.2-715(2)(a) prevails.
 
 
 39
 The general subject of § 8.2-318 is the ability to raise the common law requirement of privity as a defense. We have not previously construed § 8.2-318; however, we have referred to it as modifying the common law privity rule. Ward v. Ernst & Young, 246 Va. 317, 325-26, 435 S.E.2d 628, 632 (1993); Copenhaver v. Rogers, 238 Va. 361, 366, 384 S.E.2d 593, 595 (1989). Similarly, commentators have considered the section and its predecessor as eliminating the common law privity requirement in certain instances. See, e.g., Time to Adopt the Uniform Commercial Code, Report of the Virginia Advisory Legislative Council, H. Doc. No. 5, at 113 (1963); and 1 James J. White and Robert S. Summers, Uniform Commercial Code § 11-3, at 591 n. 11 (4th ed.1995).
 
 
 40
 The contract requirement of § 8.2-715(2)(a), however, is not a privity requirement imposed by the common law. Part 7 of Title 8.2 of the UCC imposes a number of limitations and conditions on the recovery of damages in a breach of warranty claim. See, e.g., §§ 8.2-714 (defining measure of damages), -715(1) (identifying recoverable incidental damages), and -719(b)(3) (ability to exclude consequential damages). The contract requirement of § 8.2-715(2)(a) is one of those limitations. Section 8.2-715(2)(a) does not address the general subject of the common law privity requirement's effect on the ability of a litigant to maintain an action for breach of warranty. It is limited to that part of the litigation dealing with the damages which may be recovered and imposes a contract requirement only where recovery of consequential damages is sought. Applying the rule of statutory construction recited above, the limited contract requirement of § 8.2-715(2)(a) prevails over the general provisions relating to common law privity in § 8.2-318.
 
 
 41
 Accordingly, because § 8.2-715(2)(a) requires a contract between the parties for recovery of consequential economic loss damages in a claim for breach of the implied warranty of merchantability, we answer the certified question in the affirmative.
 
 
 42
 Based upon the reasoning of the Virginia Supreme Court, we affirm the grant of summary judgment in favor of Thompson and NIBCO on Beard's claim for breach of implied warranty of merchantability.
 
 IV.
 
 43
 The judgment of the district court is in all respects affirmed.
 
 
 44
 AFFIRMED.
 
 
 
 *
 Judge Russell heard oral argument in this case but died prior to the time the decision was filed. The decision is filed by a quorum of the panel pursuant to 28 U.S.C. § 46(d)
 
 
 [1]
 Va.Code § 8.2-318 states in pertinent part:
 Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturer or seller might reasonably have expected to use, consume, or be affected by the goods....
 Va.Code § 8.01-223 provides:
 In cases not provided for in § 8.2-318 where recovery of damages for injury to person, including death, or to property resulting from negligence is sought, lack of privity between the parties shall be no defense.
 
 
 [2]
 Va.Code § 8.2-714 provides in pertinent part:
 (2) The measure of damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount.
 (3) In a proper case any incidental and consequential damages under the next section [§ 8.2-715] may also be recovered.
 Va.Code § 8.2-715 provides in pertinent part:
 (2) Consequential damages resulting from the seller's breach include
 (a) any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and
 (b) injury to person or property proximately resulting from any breach of warranty.