**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ESTATE OF FRANCIS M. HOFFMAN,
Plaintiff-Appellant,

v.

No. 98-1865

BALTIMORE CITY PUBLIC SCHOOLS;
MAYOR AND CITY COUNCIL OF
BALTIMORE, a municipal corporation,
Defendants-Appellees.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, District Judge.
(CA-95-2793-WMN)

Submitted: January 5, 1999

Decided: February 10, 1999

Before MURNAGHAN and WILKINS, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John F. Conwell, DAVIS & ASSOCIATES LAW OFFICES, P.A.,
Towson, Maryland, for Appellant. Otho M. Thompson, City Solicitor,
Joanne Evans-Anderson, Principal Counsel, BALTIMORE CITY
LAW DEPARTMENT, Baltimore, Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Francis Martin Hoffman[1] filed this action in the district court, alleging that the Baltimore City Public Schools (BCPS), the Mayor, and the City Council of Baltimore violated his rights under the Americans with Disabilities Act, 42 U.S.C.A. §§ 12101-12213 (West 1995 & Supp. 1998). He alleged that BCPS failed to hire him as a teacher because of his mental illness. Hoffman had a history of manic depressive or bipolar affective disorder dating back to 1975. He received treatment for this condition, and the illness was stable and controlled by medication during the relevant time period. Hoffman was accredited to teach first grade through middle school for a five-year period ending July 1, 1997.

A 1988 complaint with the Baltimore Community Relations Commission alleging that BCPS failed to hire Hoffman because of his history of mental disability resulted in a finding of probable cause in 1991. Because of the finding, BCPS agreed to consider Hoffman for employment for the 1992 hiring year. Hoffman alleged that most teachers hired for the 1992-93 school year were selected by school principals at two consortia held in June 1992, but Hoffman was not notified of those events. He was sent on interviews to four schools; none of the principals of those schools offered him a job. No one questioned him about his mental disability during the interviews, or suggested any awareness of the disability. Hoffman asserted in his complaint that BCPS did not hire him because of his alleged disability, that he was not processed through the normal hiring channels, and that he was not hired in retaliation for his prior claim of discrimination.[2]

_____

[1] Hoffman has died since the appeal was noted, and his estate is proceeding with the appeal.
[2] The retaliation claim is not presented on appeal; therefore, we do not address it.

2

Hoffman and BCPS moved for summary judgment. The district court, concluding that Hoffman had made only bald assertions in support of his claim, granted BCPS's motion and entered summary judgment against Hoffman. Hoffman appeals.

This court reviews the district court's order granting summary judgment de novo. Beard Plumbing & Heating, Inc. v. Thompson Plastics, Inc., 152 F.3d 313, 315 (4th Cir. 1998). Summary judgment is appropriate where there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986). The facts and any permissible inferences to be drawn therefrom must be viewed most favorably to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). If the nonmoving party fails to show an essential element of the case for which he has the burden of proof, summary judgment is appropriate. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

Under the ADA, no employer "shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to . . . the hiring, advancement or discharge of employees. . . ." 42 U.S.C.A. § 12112 (West 1995). To establish a violation of the ADA in this factual context, a party must prove: (1) that he has a disability; (2) that he is otherwise qualified for the position; and (3) that he was excluded from employment because of discrimination "solely on the basis of the disability." Shafer v. Preston Memorial Hosp. Corp., 107 F.3d 274, 276 (4th Cir. 1997). An employer must be aware of an individual's disability for ADA liability to exist. Hedberg v. Indiana Bell Tel. Co. , 47 F.3d 928, 931 (7th Cir. 1995). Unsupported speculation does not satisfy a party's burden to produce some evidence in resisting a summary judgment motion. Id. at 931-32.

Hoffman conceded that, in the BCPS at the time of his interviews, the principal of each school had ultimate hiring authority. He had no evidence that any of the principals with whom he interviewed was aware of his mental illness. The fact that one principal "knew that Hoffman was familiar with mental health issues" is not adequate to sustain the burden of establishing knowledge. Without evidence of this essential element of the cause of action, Appellant's claim fails.

3

We conclude that the district court applied the correct legal standard in granting summary judgment, and that no genuine issues of material fact require that the judgment be reversed. We therefore affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED

4