## CIRCUIT COURT OF FAIRFAX COUNTY

Nationwide Mutual
Insurance Co.

v.

Richards Construction, Inc., et al.

v.

Sensata Technologies, Inc.

May 23, 2013

Case No. CL-2011-0014299

BY JUDGE RANDY I. BELLOWS

On May 17, 2013, the Court heard oral argument on Third-Party Defendant Sensata Technologies, Inc.'s demurrer to Defendant Richards Construction, Inc.'s cross-claim and took the matter under advisement. After considering the arguments and briefs of both parties and for the reasons discussed below, the Court sustains Sensata's demurrer to Richards' cross-claim without prejudice.

### I. Background

On October 4, 2011, Plaintiff Nationwide Mutual Insurance Company ("Plaintiff" or "Nationwide"), as subrogee for homeowners Philip and Courtney Marsh ("the homeowners"), filed a complaint against Defendant Richards Construction, Inc. ("Richards" or "Defendant"), Progress Lighting, Inc., Rexel Electrical & Datacom Supplies, and Rexel, Inc. The complaint alleged that the homeowners hired Richards to perform construction on their house and that, before the project was complete, a fire broke out causing damage to real and personal property. Nationwide also alleged that the cause of the fire was a faulty lighting fixture that had been installed by Richards during the construction project. Nationwide paid out

$750,000 to the homeowners under their Homeowner Policy. Subsequently, Nationwide exercised its right of subrogation and brought this suit against the above-named Defendants.

Richards alleges in the cross-claim that all other named defendants were involved in the manufacture and sale of the lighting fixture. Specifically, it is alleged that Sensata manufactured a switch that was sold to Progress Lighting, who, in turn, allegedly, installed the switch as a component of the light and then sold the light to Rexel. Cross-cl. ¶¶ 4-6. Generally, Nationwide sues Richards for the negligent installation of the light. Compl. ¶¶ 9-12.

On July 5, 2012, Sensata was joined as a Third-Party Defendant by Defendant/Third-Party Plaintiff Progress Lighting, Inc. On December 14, 2012, Richards was granted leave to file a cross-claim against Sensata, and, on December 27, 2012, Sensata filed a demurrer to the cross-claim. In the cross-claim, Richards seeks indemnification from Sensata for any future payment or loss to Nationwide under theories of negligence and breach of express or implied warranties. Richards also sues Sensata pursuant to Virginia Code § 8.2-607 for failing to take over the defense and indemnification. However, Sensata does not demur to this claim, and, therefore, it is not considered in the Court's analysis. Richards claims that Sensata manufactured the light switch within the light fixture that is alleged to have malfunctioned, causing the fire.

On demurrer, Sensata argues that Richards' cross-claim fails because Richards seeks recovery for purely economic losses, which are not recoverable in the absence of privity between Sensata and Richards. Richards argues that Virginia Code §§ 8.01-223 and 8.2-318 abolish the privity requirement when the party is seeking recovery of damages for injury to property resulting from negligence and breach of warranty. Richards does not allege privity of contract with Sensata. Therefore, the question before the Court is whether Richards seeks recovery for damages to the property of the homeowners or whether Richards seeks recovery for purely economic losses.

The Court finds that Richards seeks recovery for purely economic losses, because it seeks indemnification from Sensata in the amount of $750,000, should Richards be liable to Nationwide. Because there is no allegation of privity between Richards and Sensata, the demurrer must be sustained.

## II. *Standard of Review*

"A demurrer tests the legal sufficiency of a pleading and can be sustained if the pleading, considered in the light more favorable to the plaintiff, fails to state a valid cause of action." *Kitchen v. City of Newport News*, 275 Va. 378, 385-86, 657 S.E.2d 132 (2008). The sole question to be decided by the court is whether the facts pleaded, implied, and fairly and justly inferred are legally sufficient to state a cause of action against the Defendant. *Thompson*

*v. Skate Am., Inc.*, 261 Va. 121, 540 S.E.2d 123 (2001). On demurrer, the court must admit the truth of all material facts that are properly pleaded, facts which are impliedly alleged, and facts which may be fairly and justly inferred from the alleged facts. *Cox Cable Hampton Roads, Inc. v. City of Norfolk*, 242 Va. 394, 410 S.E.2d 652 (1991). A demurrer does not admit the correctness of any conclusions of law. *Ward's Equip., Inc. v. New Holland N Am., Inc.*, 254 Va. 379, 382, 493 S.E.2d 516 (1997).

### III. *Analysis*

Richards' recovery is barred by the economic loss doctrine because Richards is not in privity with Sensata and seeks recovery of purely economic losses. *Beard Plumbing and Heating, Inc. v. Thompson Plastics, Inc.*, 152 F.3d 313 (4th Cir. 1998); *Pulte Home Corp. v. Parex, Inc.*, 265 Va. 518, 579 S.E.2d 188 (2003); *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 374 S.E.2d 55 (1988); Va. Code §§ 8.01-223, 8.2-318.

In *Sensenbrenner*, plaintiff homeowners contracted with a general contractor to construct a new home, which was to include a swimming pool. 236 Va. 419, 421-22, 374 S.E.2d 55. The general contractor in turn contracted with defendant architect company who designed the pool. Plaintiffs did not contract with the pool architects. Plaintiffs alleged negligent design and supervision by the architect company and negligent construction against the general contractor after the pool caused water pipes in the home to break. *Id.* In examining similar arguments under Virginia Code §§ 8.01-223 and 8.2-318 that no privity of contract was required because plaintiffs sought recovery for an injury to property, the Court defined economic loss as "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits, without any claim of personal injury or damage to other property . . . as well as the diminution in the value of the product because it is inferior in quality and does not work for the general purposes for which it was manufactured and sold." *Id.* at 423, n. 3 (citing *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 82, 435 N.E.2d 443, 61 Ill. Dec. 746 (1982)). Specifically, the "effect of the failure of the substandard parts to meet the bargained-for level of quality was to cause a diminution in the value of the whole, measured by the cost of repair. This is a purely economic loss, for which the law of contracts provides the sole remedy." *Sensenbrenner*, 236 Va. at 425.

Ultimately, the Court held that "[r]ecovery in tort is available only when there is a breach of a duty 'to take care for the *safety* of the person or property of another'." *Id.* at 425 (citing *Blake Constr. Co. v. Alley*, 233 Va. 31, 34, 353 S.E.2d 724 (1987)) (emphasis in original). "The architect and the pool contractor assumed no such duty to the plaintiffs by contract, and the plaintiffs' complaint alleges no facts showing a breach of any such duty imposed by law." *Id.* Therefore, Virginia law does not permit recovery by a

home purchaser against the pool installer and the architect for damages to the indoor swimming pool and to the foundation of the house caused by the leaking pool, where the pool installer and the architect were not in privity of contract with the home purchaser and the damages were nothing more than disappointed economic expectations. *Id.* at 419, 425.

Similarly, in *Beard*, plaintiff subcontractor sought recovery against defendant manufacturers of plumbing components, with whom it did not have a contract. 152 F.3d at 315. When the components cracked and water leaked causing damage, plaintiff was required to replace the broken parts, repair the damage to the home, and was eventually dismissed from the job by the general contractor. Plaintiff sought to recover monetary damages against defendant under a theory of breach of warranty and negligence. *Id.* The Court held that plaintiff's negligence claim was barred because the alleged damages "evince the frustration of bargained-for expectations and none of them would remedy injury to the safety of person or property," and there was no question that plaintiff was not in privity with defendant. *Id.* at 317.

Lastly, in *Pulte*, the Court affirmed the trial court's sustaining of a demurrer under facts similar to the facts presented here. There, plaintiff homeowners sued Pulte Home Corporation for alleged damages caused by a defective stucco product. 265 Va. 518, 521, 579 S.E.2d 188 (2003). Defendant Pulte filed a cross-claim against Parex, Inc., and "sought recovery from Parex for any damages that Pulte might be required to pay the [homeowners], plus costs, interest, and attorney's fees" under theories of breach of express warranty, breach of implied warranty, indemnification, and contribution. *Id.* The Court affirmed the dismissal of all claims because the parties were not in privity and the remedy sought was purely consequential, economic damages. *Id.* at 527-29.

Here, Richards' cross-claim against Sensata seeks monetary damages in the amount of $750,000 "to indemnify and hold [Richards] harmless from any amount that may be awarded to [Nationwide] pursuant to his Complaint. . . ." Cross-cl. at 4. Richards disclaims any liability and instead claims that Sensata should be liable under theories of negligence, breach of express or implied warranties, and indemnification.

## A. *Negligence*

"Virginia law is clear that, absent privity of contract, economic losses cannot be recovered in a negligence action." *Beard*, 152 F.3d at 317 (citing *Gerald M. Moore and Son, Inc. v. Drewry*, 251 Va. 277, 467 S.E.2d 811 (1996); *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 374 S.E.2d 55 (1988); *Blake Constr. Co. v. Alley*, 233 Va. 31, 353 S.E.2d 724 (1987)). However, the Virginia Code has abolished the lack-of-privity defense in actions for the recovery of damages for injury to persons or property resulting from negligence or breach of express or implied

warranties. See Va. Code § 8.2-318 (discussing cases against a manufacturer of a product for breach of warranty or negligence); Va. Code § 8.01-223 (discussing more generally cases not provided for in § 8.2-318 resulting from negligence); see also *Beard*, 152 F.3d 313 (4th Cir. 1998) (holding that Va. Code § 8.2-318 is to be read the same way as the more general statute [§ 8.01-223] abolishing the requirement of privity). Therefore, when a plaintiff seeks damages for an injury to its person or property under a theory of negligence, plaintiff need not be in privity with defendant. *Richmond, F. & P. Co. v. Davis Indus., Inc.*, 787 F. Supp. 572, 576 (E.D. Va. 1992) (holding that because plaintiff "asserts that [defendant] is responsible in some measure for the damage to its property caused by hazardous substances . . . [and because defendant], in its third-party complaint, contends that [third-party defendant] must share in any liability *for the alleged injury to [plaintiff's] property*," privity between the defendant and third-party defendant was not required) (emphasis added).

Here, Richards' negligence claim against Sensata is barred for the very same reason the plaintiff's claim failed in *Sensenbrenner* and *Beard*. "Recovery in tort is available only when there is a breach of a duty 'to take care for the *safety* of the person or property of another'." *Sensenbrenner*, 236 Va. at 425 (citations omitted) (emphasis in original). Richards seeks damages to "evince the frustration of bargained-for expectations and none of them would remedy injury to the safety of person or property." *Beard*, 152 F.3d at 317. Specifically, Richards wants money from Sensata, in the event it is required to pay Nationwide damages, for an alleged frustration of the attenuated bargained-for-expectation of a properly functioning light. In other words, the damages sought by Richards would not go towards remedying the injury to the homeowners' property. Rather, Richards seeks indemnification from possible future payment to Nationwide, in an effort to eventually make itself financially whole again. Unlike *Richmond, F. & P. Co. v. Davis*, where the damages sought against the third-party defendant would go towards remedying the actual injury to plaintiff's property, the claim at issue here is based purely on recoupment of a possible future economic loss. Cf. *Richmond, F. & P. Co. v. Davis Indus., Inc.*, 787 F. Supp. at 576. Therefore, because Richards is not in privity with Sensata, and because they seek recovery for "a purely economic loss," the demurrer is sustained without prejudice as to Richards' cross-claim for negligence.

## B. *Express Warranty and Implied Warranties*

Next, as in *Pulte*, Richards makes the conclusory allegation that Sensata breached "express warranties in that the light would conform to the statements, literature, and materials contained with the light and elsewhere." Cross-cl. ¶ 10. Richards fails to sufficiently allege facts to sustain a claim for breach of express warranty and, instead, relies on a "naked allegation in its cross-claim that its approval of the use of the [light] was based upon the

express oral or written warranties of [Sensata]. . . ." *Pulte*, 265 Va. at 523. As in *Pulte*, this amounts to "no more than a legal conclusion," and the cross-claim fails to "identify any 'affirmations of fact, promises, descriptions, and/or use of samples and/or models' purportedly made by [Sensata]." *Id.* at 524 (citations omitted). Therefore, the demurrer to Richards' claim for breach of express warranty is sustained without prejudice.

Likewise, again as in *Pulte*, because Richards "would suffer damages from [Sensata's] breach of warranty only upon the happening of an intermediate event, i.e., [Richards'] being found liable to [Nationwide] for the damages . . . by their very nature, [Richards'] damages would be consequential rather than direct." *Id.* at 527. To recover consequential damages, a showing a privity must be made, and because no privity exists here between Richards and Sensata, the demurrer is sustained without prejudice as to Richards' cross-claim against Sensata for breach of implied warranties. *Pulte*, 265 Va. at 527-28.

## C. *Indemnification*

Lastly, Richards' attempt to hold Sensata liable under a theory of indemnification must also fail, because "the distinguishing feature of indemnity is that it must necessarily grow out of a contractual relationship." *Id.* at 528 (citing *Virginia Elec. & Power Co. v. Wilson*, 221 Va. 979, 277 S.E.2d 149 (1981)). Here, there is no allegation that a contractual relationship existed between Richards and Sensata, and, therefore, the demurrer to any claim under a theory of indemnification is also sustained without prejudice.

## IV. *Conclusion*

Sensata's demurrer to Richards' cross-claim is sustained as to all claims without prejudice. However, because Sensata did not demur to Richards' claim under Virginia Code § 8.2-607, that claims remains.

## *Order*

For the reasons stated in the Letter Opinion issued today, Third-Party Defendant Sensata Technologies, Inc.'s Demurrer to Defendant Richards Construction, Inc.'s Cross-Claim is sustained without prejudice. Defendant Richards Construction, Inc., is granted leave to amend its cross-claim and file it with the Court within fourteen days of this Order. Third-Party Defendant Sensata Technologies, Inc., will have fourteen days to file a responsive pleading from the date that Richards Construction, Inc., files the amended cross-claim. Any subsequent demurrer must be heard by Judge Bellows.